[Cite as *State v. Rocha*, 2014-Ohio-495.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99826**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ARTHUR ROCHA

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-568953

**BEFORE:** E.T. Gallagher, J., Boyle, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 13, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

BY:    John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Erin Stone
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Arthur Rocha ("Rocha"), appeals three convictions. We find no merit to the appeal and affirm.

{¶2} Rocha was charged with various offenses in two separate cases: CR-568920 and CR-568953.[1] The indictments in these cases, which were joined for trial, charged Rocha with two counts of aggravated burglary, aggravated menacing, intimidation of a crime victim, criminal damaging, and drug possession.

{¶3} The victim, Floyd Samples ("Samples"), testified at trial that Rocha visited his mentally disabled roommate at their house in Cleveland a few times over a period of years. However, because Rocha would "get an attitude" while visiting, Samples stopped inviting him into the house. Rocha came to Samples's house unannounced approximately six times, and Samples refused to let him in. During these times, Rocha banged on the door and windows and yelled threats.

{¶4} On July 27, 2012, Rocha came to Samples's front door and Samples instructed him to leave the property. Rocha "started cussing" and "kicked the door in." Rocha was holding a knife with a three-to four-inch blade when he came through the door, and Samples called the police, but Rocha left the house before they arrived.

---

[1] CR-568920 contains the superseding indictment for CR-565669. CR-568953, which is the instant case, contains the superseding indictment in CR-565296. CR-565296 and CR-565669 were dismissed when trial commenced in CR-568953.

Samples described Rocha's appearance and location to the police who apprehended him within minutes.

{¶5} The police transported Rocha to Samples's house, and Samples identified him as the man who broke into his house and threatened him. In the presence of Officers John Romoga ("Romoga"), Anthony Tatum ("Tatum"), and other officers of the Cleveland Police Department, Rocha screamed the following threats at Samples: "I'll get you for calling the cops, you fucking bitch, cop-snitching bitch," and "You cop-snitching bitch, I'll be back for you." According to Tatum, after being told to quiet down, Rocha screamed: "You're all going to find him with broken arms, legs, and mouth."

{¶6} Prior to the conclusion of trial, the state dismissed the drug possession charge. The jury found Rocha not guilty of the two burglary charges but guilty of aggravated menacing, intimidation of a crime victim, and criminal damaging. The court sentenced Rocha to three years in prison for intimidation of a crime witness, a third-degree felony, to be served concurrently with jail sentences of 180 days on the other two counts. Rocha now appeals and raises two assignments of error.

**Ineffective Assistance of Counsel and Speedy Trial**

{¶7} In the first assignment of error, Rocha contends he was denied his constitutional right to the effective assistance of counsel. He contends that had his trial counsel not delayed in responding to the state's discovery requests, which tolled speedy trial time, the charges against him would have been dismissed on speedy trial grounds.

{¶8} To prevail on a claim of ineffective assistance, the defendant must establish that counsel's performance was deficient and that the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Counsel will only be considered deficient if his or her conduct fell below an objective standard of reasonableness. *Strickland* at ¶ 688.

{¶9} When reviewing counsel's performance, an appellate court must be highly deferential and "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Strickland* at 689. To establish resulting prejudice, a defendant must show that the outcome of the proceedings would have been different but for counsel's deficient performance. *Id*. at 694.

{¶10} Under R.C. 2945.71(C)(2), the state is required to bring a defendant to trial on felony charges within 270 days of arrest. *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, ¶ 31-32. Under the "triple count provision" contained in R.C. 2945.71(E), each day a defendant is held in jail in lieu of bail counts as three days in the speedy trial time calculation. *Id*. Thus, a defendant held in jail without bail pending a felony charge, must be tried within 90 days. Speedy trial time may be tolled by certain events delineated in R.C. 2945.72, including continuances at the defendant's request and where the defendant causes delay. R.C. 2945.72(D) and (H).

{¶11} Rocha argues that defense counsel's delay in responding to the state's discovery requests beyond 30 days tolled the speedy trial clock for an unreasonable period

of time. He contends that if counsel had responded to discovery in a more timely fashion, speedy trial time would have expired before trial, and Rocha would have been discharged. However, a trial court has an inherent right to control its own docket and trial schedule. *State v. Powell*, 49 Ohio St.3d 255, 259, 552 N.E.2d 191 (1990). Rocha's argument assumes the trial court would not have rescheduled the trial within the speedy trial period to prevent the expiration of speedy trial time if the time had not been tolled by defense counsel's delay. This argument is based on pure speculation. We therefore cannot say there was a strong probability that but for counsel's delay, the outcome would have been different.

{¶12} The first assignment of error is overruled.

## Sufficiency of the Evidence

{¶13} In the second assignment of error, Rocha argues the evidence adduced at trial is insufficient to sustain his intimidation of a crime victim conviction. He contends Rocha's threatening statements cannot establish that he had the "specific intent to alter the victim's conduct in relation to reporting or prosecuting the crime."

{¶14} Crim.R. 29(A) provides for a judgment of acquittal "if the evidence is insufficient to sustain a conviction of such offense or offenses." The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶ 12. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven

beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶15} R.C. 2921.04(B) states, in relevant part:

No person, knowingly and by force or by unlawful threat of harm to any person or property or by unlawful threat to commit any offense or calumny against any person, shall attempt to influence, intimidate, *or hinder * * ** [t]he victim of a crime or delinquent act in the filing or prosecution of criminal charges.

(Emphasis added.) The term "hindering" suggests an intent to prevent the victim from reporting a crime or following through with criminal prosecution. However, the statute also prohibits one from attempting to influence the victim and from threatening a victim, regardless of an intent to hinder the victim. The General Assembly's use of the disjunctive "or," as opposed to the conjunctive "and," indicates the legislature intended the three prohibited acts to be read separately from each other. *Columbia Gas Transm. Corp. v. Levin,* 117 Ohio St.3d 122, 2008-Ohio-511, 882 N.E.2d 400, ¶ 20 (holding that legislative use of disjunctive "or," as opposed to the conjunctive "and," indicates that the classifications are intended to be read separately from each other.)

{¶16} Thus, despite Rocha's argument to the contrary, proof of "specific intent to alter the victim's conduct in relation to reporting or prosecuting the crime" is not necessarily required under R.C. 2921.04(B). Proof of threats made to the victim with intent to punish the victim for reporting the crime is sufficient. The deterrence of retaliatory threats is just as important in the promotion of crime reporting as protecting the victim who has not yet reported a crime.

{¶17} In this case, Rocha concedes that he made threats of serious physical harm to the victim. According to Samples, Romoga, and Tatum, Rocha threatened: "I'll get you for calling the cops, you fucking bitch, cop-snitching bitch" and "You cop-snitching bitch, I'll be back for you." After being told to quiet down, Rocha screamed: "You're all going to find him with broken arms, legs, and mouth." Rocha's threats were evidently made to punish Samples for reporting the crime because he called the police. Therefore, viewing the evidence in a light most favorable to the state, we find there is sufficient evidence to sustain Rocha's intimidation of a crime victim conviction.

{¶18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the common pleas court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
SEAN C. GALLAGHER, J., CONCUR