THE STATE OF OHIO, APPELLANT, *v.* CUTCHER, APPELLEE.

(No. 78-215—Decided December 7, 1978.)

*Mr. John F. Holcomb,* prosecuting attorney, for appellant.

*Mr. H. T. Derivan,* for appellee.

Cook, J. The sole issue in the cause *sub judice* is whether appellee is entitled to a discharge pursuant to R. C. 2945.73(B).

The General Assembly of Ohio has defined a trial court's obligation to guarantee a speedy trial by enacting R. C. 2945.71 through 2945.73. This court has concluded that such a definition is a rational one which this court will enforce. See *State v. MacDonald* (1976), 48 Ohio St. 2d 66, 71.

R. C. 2945.71(C)(2) provides that a person charged with a felony shall be brought to trial within 270 days of his arrest, unless the time requirement is extended by R. C. 2945.72. R. C. 2945.71(D) provides that such an accused shall be credited with three days for each day he is held in jail in lieu of bail on the pending charge. R. C. 2945.73(B) provides the accused shall be dischargd if not brought to trial within the required time, upon his motion at or prior to trial.

In the cause *sub judice*, there is no dispute that the appellee's trial was set for March 10, 1976, 91 days after his arrest, and that counsel for appellee moved for his discharge prior to trial on that date.

This court has accepted the legislative directive of R. C. 2945.71 through 2945.73 and has repeatedly imposed upon the prosecution and the trial courts the mandatory duty of complying with said sections. See *State v. Tope* (1978), 53 Ohio St. 2d 250; *State v. Singer* (1977), 50 Ohio St. 2d 103; *State v. Davis* (1976), 46 Ohio St. 2d 444; *State v. Pudlock* (1975), 44 Ohio St. 2d 104; *State v. Cross* (1971), 26 Ohio St. 2d 270; *State v. Gray* (1964), 1 Ohio St. 2d 21.

However, appellant contends that the setting of an original trial date beyond the 90 day limit constitutes a continuance "other than upon the accused's own motion," under R. C. 2945.72(H), and is discretionary with the trial court.

This argument is without merit. In *State v. McRae* (1978), 55 Ohio St. 2d 149, this court, in a *per curiam* opinion, held at page 152:

*"When a trial date is set beyond the time limits of R. C. 2945.71 and the accused does not acquiesce in that date but merely fails to object to that date, the trial court's action does not constitute a continuance pursuant to R. C. 2945.72(H). State* v. *Singer* (1977), 50 Ohio St. 2d 103, 109; *State* v. *Tope* (1978), 53 Ohio St. 2d 250." (Emphasis added.)

While the *McRae* decision dealt with a fact-situation in which counsel for the accused specifically agreed at a pre-trial conference with both counsel and the trial judge present to an original trial date beyond the statutory time requirement of R. C. 2945.71 without the accused being aware of or informed of counsel's waiver, the holding in the *McRae* case, as quoted above, requires this court, under the facts before it, to conclude that the mere setting of an original trial date beyond the time limits of R. C. 2945.71, does not constitute a continuance "other than upon the accused's own motion" pursuant to R. C. 2945.72 (H).

Appellant relies on *State* v. *Davis* (1976), 46 Ohio St. 2d 444, in support of its contention, but in *Davis* this court held that the trial court has the discretion to extend the time limits of R. C. 2945.71 when counsel for the accused agrees to a trial date beyond the statutory time limits and that the trial court's exercise of that discretion constitutes a "continuance granted other than upon the accused's own motion" under R. C. 2945.72(H).

This is not the fact situation in the cause *sub judice*.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

LEACH, C. J., dissents.

COOK, J., of the Eleventh Appellate District, sitting for HERBERT, J.