The STATE of Ohio, Appellee,

v.

STEINER, Appellant.

[Cite as *State v. Steiner* (1991), 71 Ohio App.3d 249.]

Court of Appeals of Ohio,
Summit County.

No. 14784.

Decided March 6, 1991.

*Philip Bogdanoff,* Assistant Prosecuting Attorney, for appellee.

*Michael E. Edminister,* for appellant.

---

BAIRD, Judge.

This cause comes before the court upon the appeal of John Steiner from his conviction in the Summit County Court of Common Pleas for trafficking in marijuana, R.C. 2925.03(A)(7), a second-degree felony.

The sole issue presented on appeal is whether the trial court erred in denying appellant's motion to dismiss for failure to commence trial within the time period specified by R.C. 2945.71:

"* * *

"(C) A person against whom a charge of felony is pending:

"* * *

"(2) Shall be brought to trial within two hundred seventy days after his arrest.

"* * *

"(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. * * *"

Because appellant was being held in jail in lieu of bail, the state had ninety days within which to bring him to trial. Appellant was arrested on May 18, 1990, and his trial began on August 16, 1990. Appellant asserts that his trial thus began on the ninety-first day of his incarceration, beyond the statutory time limit. The state contends that trial began on the ninetieth day after his arrest, as the day of arrest cannot be counted when computing the statutory time period.

R.C. 1.14 states in part:

"The time within which an act is required by law to be done shall be computed by excluding the first and including the last day; * * *."

Crim.R. 45 states in part:

"(A) Time: Computation. In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included. * * *"

Both the statute and criminal rule above make it clear that the day of arrest is not to be included when computing the time within which a defendant must

be brought to trial under R.C. 2945.71.  Appellant was therefore brought to trial within the ninety-day period prescribed by the statute.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and COOK, J., concur.