**The STATE of Ohio, Appellee,**

v.

**LAUTENSLAGER, Appellant.**

[Cite as *State v. Lautenslager* (1996), 112 Ohio App.3d 108.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9–95–45.

Decided June 28, 1996.

*Thomas A. Mathews*, for appellant.

*Jim Slagle*, Marion County Prosecuting Attorney, and *Craig W. Beidler*, for appellee.

---

BRYANT, Judge.

Gary L. Lautenslager appeals the judgments of conviction and sentence entered by the Court of Common Pleas of Marion County on the jury's verdict finding appellant guilty of breaking and entering, a violation of R.C. 2911.13(A)(4).

Appellant first assigns as error:

"The trial court erred in not granting defendant's motion to discharge for the reason that he had not been brought to trial within 270 days following his arrest as required by R.C. 2945.73(B) and R.C. 2945.71(C)(2)."

Lautenslager was arrested on a charge of violation of R.C. 2911.13, breaking and entering, a felony, and incarcerated on November 19, 1994. He was released on bond on November 21, 1994. Appellant's trial commenced August 10, 1995, two hundred sixty-two calendar days later.

R.C. 2945.71(C)(2) provides that a person charged with a felony shall be brought to trial within two hundred seventy days of his arrest, unless the time requirement is extended by R.C. 2945.72. R.C. 2945.71(D) provides that an accused shall be credited with three days for each day he is held in jail in lieu of bail on the pending charge. R.C. 2945.73(B) provides the accused shall be discharged if not brought to trial within the required time, upon his motion at or prior to trial. *State v. Cutcher* (1978), 56 Ohio St.2d 383, 10 O.O.3d 502, 384 N.E.2d 275.

As calculated by the state pursuant to R.C. 2945.71(D) and Crim.R. 45(A), Lautenslager is entitled to six days credit for the time he spent in jail after his arrest, not counting the day of his arrest, but counting the day trial began. By this computation, he was brought to trial on the two hundred sixty-eighth day after his arrest, within the time allowed by the statute.

R.C. 1.14 requires that the time within which an act is required by law to be done shall be computed by excluding the first and including the last day.

Likewise, Crim.R. 45(A) provides that in computing any period of time prescribed or allowed by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included, but the last day of the period so computed shall be included.

Thus, it has been held to be clear that the day of arrest is not to be counted when computing the time within which a defendant must be brought to trial under R.C. 2945.71. *State v. Steiner* (1991), 71 Ohio App.3d 249, 593 N.E.2d 368.

■ Appellant argues that he was brought to trial beyond the time allowed by R.C. 2945.71(C)(2), on the two hundred seventy-first day. He claims an additional three days credit pursuant to R.C. 2945.71(D) for the day of his arrest on which he was originally incarcerated. He denies the authority of *Steiner* and asserts that application of Crim.R. 45(A), a procedural rule, to disregard the day of his arrest when counting the days elapsed before trial deprives him of the substantive right to speedy trial vested by R.C. 2945.71.

Appellant cites as authority the decision in *State v. Cutcher*, in which the appellant was arrested and incarcerated December 10, 1975 but not brought to trial until March 10, 1976. Noting that ninety-one days had elapsed before appellant was brought to trial, the Supreme Court affirmed the decision of the court of appeals ordering appellant's discharge for failure to bring him to trial within the statutorily allowed speedy trial time limit. Ordinarily, ninety days elapse between December 10 and March 10 of the following year, not counting that first date. 1976 was a leap year, however, in which February 29 was an additional day, advancing by one day the latest calendar date on which trial of Cutcher might commence. The Supreme Court did not count December 10, the day of Cutcher's arrest, to find that ninety-one days had elapsed before his trial commenced on March 10. In *Cutcher*, perhaps by failing to consider the coming leap year, the trial court merely set the trial date one day too late. Indeed, as we view it, the Supreme Court's calculation in *Cutcher* supports the appellee's position in the case at bar.

Appellee, however, cites as authority for its position *State v. Welch* (Nov. 25, 1991), Clark App. No. 2770, unreported, 1991 WL 256152, in which the Court of Appeals for Clark County, observing that the plain language of R.C. 2945.71 suggests the day of arrest not be counted in computing the time for speedy trial, held that use of Crim.R. 45 in computing the statutory time for bringing a defendant trial does not abridge the substantive right conferred by that statute. We agree, noting also that the Supreme Court of Ohio has found no infirmity in the use of Crim.R. 45 in similar circumstances. See, *State v. Broughton* (1991), 62 Ohio St.3d 253, 262, 581 N.E.2d 541, 548, fn. 7, and *State v. Cutcher, supra.* Appellant's first assignment of error is overruled.

Appellant's second assignment of error is:

"The trial court erred in failing to instruct and charge the jury concerning the lesser included offense of breaking and entering, criminal trespass, as properly requested by the defendant."

Appellant was convicted of breaking into the manager's office of an apartment complex and ransacking that room. Evidence at trial, if believed, established that on the night in question, appellant's boot print was found on the inside door of the manager's office, white paint like that on the door was found on appellant's boot, his blood was found on the broken window leading into the building, his finger was cut, the manager's desk drawer had been pried open, and $40 was missing. There is no evidence that the premises were entered by other than breaking a window to do so. There is no evidence that appellant had been on the premises that night for any lawful purpose, and he denied being there. Thus the jury issue was whether or not it was the appellant who broke the window and entered the premises, in effect, guilty or not guilty of the offense charged.

A jury instruction on a lesser included offense is required only if the evidence presented at trial supports an acquittal of the greater offense and a conviction of the lesser. *State v. Thomas* (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph 2 of the syllabus. On the record before us there is no basis for a finding of appellant's guilt of any other offense if he should be found to be not guilty of that charged. We find no error in omission of an instruction on the offense of criminal trespass as a lesser included offense. The second assignment of error is overruled.

Appellant's third and final assignment of error is:

"The trial court erred with its finding that the state had proven beyond a reasonable doubt that defendant had been convicted of a prior offense of violence as specified in his indictment."

Pursuant to R.C. 2941.143, appellant requested that the trial judge determine the existence of the specification of the indictment. On appeal, he asserts that the documentary evidence presented by the state does not comply with the admissibility standards of Evid.R. 902(4). Further, he asserts that the uncounseled misdemeanor conviction underlying the specification cannot be used to enhance his punishment. There is no apparent dispute that if properly before the court, the documents are evidence that appellant was previously convicted of Marion City Ordinance 636.02, assault, an offense of violence.

The document offered by the state and received by the trial court consists of two sheets of paper or pages stapled together, each page bearing the seal of the Municipal Court of Marion, Ohio and the certificate of the Deputy Clerk of

the Municipal Court of Marion, Ohio. The first is certified to be a true copy of an original complaint contained in the file of the office of the Clerk of the Municipal Court of Marion, Ohio. The second is certified to be a true copy of the original judgment entry on file in the office of the Clerk of the Municipal Court of Marion, Ohio. This exhibit appears to comply with the requirements of Evid.R. 902(4), and therefore was properly admitted by the trial court.

In *Nichols v. United States* (1994), 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745, the Supreme Court of the United States held that an uncounseled misdemeanor conviction may be used to enhance the sentence of a subsequent offense.

We find neither of appellant's arguments to have merit and accordingly overrule appellant's third assignment of error.

For the reasons stated, the judgment of the Court of Common Pleas of Marion County is affirmed at appellant's costs, and the cause is remanded to that court for execution on costs.

*Judgment affirmed.*

HADLEY, P.J., and EVANS, J., concur.