OPINION
Defendant-Appellant, Barry K. Gray, appeals his conviction and sentence on one count of operating a motor vehicle while under the influence of alcohol entered by the Paulding County Court. We agree with Appellant's assertions and reverse the judgment of the trial court. Although the State of Ohio has filed a cross appeal, it has been rendered moot by the analysis expressed in the following opinion.
The record indicates that on February 24, 2000, Appellant was arrested and charged with the aforementioned offense, a violation of R.C.4511.19(A)(1) and (3), and a first degree misdemeanor. Appellant was arraigned and subsequently entered a not guilty plea to the charge. The parties apparently conducted a pretrial on March 9, 2000, wherein Appellant requested that the matter be set for a "pretrial plea". Appellant also signed a written form waiving his statutory speedy trial rights under R.C. 2945.71 until March 27, 2000, the date scheduled for the next pretrial.
Although the record does not clearly demonstrate whether this second pretrial took place, it can be inferred that the parties failed to negotiate a plea agreement as expected. Thus, on April 3, 2000, the trial court issued a judgment entry scheduling the case for trial on May 22, 2000. Thereafter, on April 17, 2000, the trial court continued the matter until June 5, 2000, without explanation. On May 24, 2000, Appellant filed a written demand for a jury trial. Two days later, the court issued a judgment entry setting the jury trial for September 15, 2000.
The parties then appeared in open court on September 13, 2000, two days prior to the previously scheduled jury trial. At that time, counsel for the defense made an oral motion to dismiss the case based upon the allegation that the State of Ohio violated Appellant's statutory speedy trial rights. The trial court denied the motion, and Appellant immediately entered a no contest plea to the charge. Following his conviction and sentence, Appellant filed this timely appeal wherein he asserts a single assignment of error for our review.
 The trial court erred in overruling Defendant's motion to dismiss, which motion was filed alleging violation [sic] of Defendant's statutory speedy trial rights.
Ohio Revised Code Section 2945.71 states, in pertinent part:
 (B) Subject to division (D) of this section, a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:
 * * *
 (2) Within ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days.
If an accused is not brought to trial within the prescribed time limits, R.C. 2945.73(B) states that "[u]pon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged * * *."
It is well-established that the Ohio speedy trial statute is mandatory, constitutional, and must be construed strictly against the state. See, e.g., State v. Singer (1977), 50 Ohio St.2d 103. "Once a criminal defendant shows that he was not brought to trial within the permissible period, the accused presents a prima facie case for release."State v. Caudill (Dec. 2, 1998), Hancock App. No. 05-97-35, unreported. See also, State v. Howard (1992), 79 Ohio App.3d 705, 707. At that point, the burden shifts to the state to demonstrate that sufficient time was tolled or extended under the statute. State v. Butcher (1986),27 Ohio St.3d 28, 31.
Herein, the ninetieth day after Appellant's arrest was May 24, 2000. Appellant's case was not scheduled for trial until September 15, 2000, two hundred and four days after the arrest. Thus, the State of Ohio is obligated to show that it should not be charged for more than ninety of those days.
R.C. 2945.72 provides that the speedy trial time limit may be extended under the following relevant circumstances:
 (E) Any period of delay necessitated by reasons of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 * * *
 (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion.
With these principles in mind, we turn to the task of reviewing the record in order to allocate time to either side. We first observe that the state is charged with fourteen days from February 25, 2000, the day after Appellant's arrest, to March 9, 2000, the date of the first pre-trial. At that point, Appellant specifically waived time under the statute in writing from March 9, 2000 to March 27, 2000, thus, those eighteen days are not chargeable to the state. The next event occurred on April 3, 2000, when the trial court issued a judgment entry setting the matter for trial on May 22, 2000.
The trial court then issued a judgment entry on April 17, 2000, continuing the trial date until June 5, 2000. Based upon the record transmitted to this Court, it appears that this order of continuance was issued sua sponte. Despite the arguments advanced by the State of Ohio, we find that this did not properly extend the time for trial. The Ohio Supreme Court has held that a trial court may sua sponte extend the statutory time limits within which a defendant must be brought to trial as long as the continuance is reasonable. See State v. King (1994),70 Ohio St.3d 158, 162; State v. McRae (1978), 55 Ohio St.2d 149, 153;State v. Lee (1976), 48 Ohio St.2d 208, 209. Most significantly, the Supreme Court has also ruled that a sua sponte order of continuance must indicate the underlying reasons for the extension by judgment entry, which must be issued prior to the expiration of the R.C. 2945.71 time limits. State v. Mincy (1982), 2 Ohio St.3d 6, at the syllabus.
In this case, it is clear that the court's boilerplate entry continuing the matter from May 22, 2000 to June 5, 2000 does not satisfy the Mincy
criteria since the entry fails to indicate any basis for the decision to extend the statutory speedy trial period. Thus, the time that elapsed during this period of continuance is not chargeable to Appellant.
The next issue we must address is whether Appellant's request for a jury trial, which was filed on May 24, 2000, properly tolled the statutory time period. In State v. Dove (June 20, 1991), Coshocton App. No. 90-CA-16, unreported, the Fifth District Court of Appeals discussed this question and held as follows:
 We conclude the timely filing of a jury demand (fundamental constitutional right afforded to the appellant) which provides ample time to schedule a jury trial within the guidelines of R.C. 2945.72 in the absence of any "in rule" entry justifying extension by the trial court, does not automatically extend the applicable speedy trial mandates established by the legislature.
See also, State v. Morse (Oct. 30, 1998), Guernsey App. No. 98CA08, unreported; State v. Knittel (Feb. 21, 1992), Ashtabula App. No. 91-A-1599, unreported.
In computing the time as we have, particularly taking into account the eighteen days that Appellant specifically waived in March, 2000, we find that at the time the jury demand was filed, the court was left with seventeen days within which to hold the trial. Despite this, the court scheduled the jury trial for September 15, 2000, nearly four months later.
The State of Ohio has argued that Appellant caused the delay by requesting a jury trial after the trial to the court had already been set, and that docket concerns prompted the court's rescheduling decision. While the trial court may experience legitimate docket concerns, we cannot agree with the reasoning advanced by the prosecution. Appellant's request for a jury trial was timely filed under Crim.R. 23(A), and was based upon the right to a jury trial on a first degree misdemeanor pursuant to R.C. 2945.17. "In effect, there was no decision for the court to make other than to set a date. If that date resulted in the necessity of an extension beyond the ninety days, then those reasons had to be journalized by the court prior to the expiration of time." State v. Crenshaw (Mar. 27, 1992), Ashtabula App. No. 91-A-1638, unreported. Again, the boilerplate entry issued by the court fails to set forth any reasons justifying a reasonable extension of time, let alone a nearly four month delay.
We note that in denying Appellant's motion to dismiss, the trial court found no violation of the speedy trial statute because Appellant somehow acquiesced in the court's scheduling by remaining silent on the issue until his September 13, 2000 court appearance. "The Supreme Court of Ohio has decided that a defendant's failure to object to a trial date unilaterally set by the court on a day beyond the ninety-day limit * * * does not amount to acquiescence in the trial date * * *." State v.Kavish (June 16, 1993), Hamilton App. No. C-920568, unreported at **2, citing State v. Cutcher (1978), 56 Ohio St.2d 383, 384. The accused has no duty to demand trial within the permissible statutory timeframe; the burden is on the prosecution to comply with the rules set forth in R.C.2945.71. Kavish at **2, citing State v. Singer (1977), 50 Ohio St.2d 103,106.
Based upon the foregoing analysis, we believe that the trial court erred in refusing to grant Appellant's motion to dismiss. Accordingly, Appellant's sole assignment of error is sustained.
The State of Ohio asserts the following assignment of error in its cross appeal:
 The trial court abused its discretion and erred when it found Defendant-Appellant guilty of OMVI first offense despite the existence of a valid prior offense within six years of the current offense.
Given our conclusion that Appellant's statutory speedy trial rights were violated, therefore necessitating vacation of the conviction and sentence, we find that the state's cross-appeal has been rendered moot.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, the trial court's judgment is reversed and the orders of conviction and sentence on the underlying charge are vacated.
 ___________________________ WALTERS, P.J.
 BRYANT and HADLEY, J.J., concur.