This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Mary Kate Teehan ("Teehan"), appeals her conviction from the Lorain Municipal Court. This Court affirms.
 I.
Teehan was arrested on March 8, 2001 for domestic violence, a violation of Lorain City Ordinance 537.14(A). The charge was a misdemeanor in the first degree. The trial court originally set the jury trial for April 11, 2001. On April 6, 2001, the trial date was reset to May 11, 2001. Suasponte, the trial court continued the trial until June 7, 2001, because the judge was unavailable for the trial date in May.
On June 7, 2001, Teehan moved the trial court to dismiss her case for a failure to bring her to trial within the required 90 days. On July 23, 2001, Teehan again moved the trial court to dismiss the case for a violation of her right to a speedy trial. After a jury trial on July 23, 2001, the trial court convicted Teehan of domestic violence, sentenced her to 30 days in jail and fined her $250. The sentence was suspended on the condition that Teehan complete 40 hours of community service.
This appeal followed.
 II. ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO DISMISS PURSUANT TO OHIO REVISED CODE SECTION 2945.71 ET. SEQ. WHERE APPELLANT WAS NOT BROUGHT TO TRIAL WITHIN THE TIME LIMITS MANDATED BY SAID STATUTE AND WHERE NO DELAYS OF ANY KIND WERE ATTRIBUTABLE TO HER[.]
In her sole assignment of error, Teehan argues that the trial court erred in denying her motion to dismiss for a violation of her statutory right to a speedy trial. We disagree.
When reviewing an assignment of error raising a defendant's denial of her right to a speedy trial, this Court must apply the de novo standard to questions of law and the clearly erroneous standard to questions of fact. State v. Thomas (Aug. 4, 1999), Lorain App. No. 98CA007058, unreported.
As applicable to first degree misdemeanors, R.C. 2945.71(B)(2) states that a person charged with a misdemeanor, other than a minor misdemeanor, shall be brought to trial "[w]ithin ninety days after the person's arrest or the service of summons[.]" R.C. 2945.73(B) requires a defendant to be discharged if not brought to trial within the time required by R.C. 2945.71, so long as the defendant made a motion at or prior to the commencement of trial. When computing the time within which a defendant must be brought to trial under R.C. 2945.70, the day of arrest is not included. State v. Steiner (1991), 71 Ohio App.3d 249, 250-251.
The time period under R.C. 2945.71 may be extended or tolled under certain circumstances. Pursuant to R.C. 2945.72(E), the time within which an accused must be brought to trial can be extended by "any period of delay necessitated by reason of a * * * motion * * * made or instituted by the accused."
In the present case, Teehan was arrested on March 8, 2001. On June 7, 2001, Teehan filed a motion to dismiss the case asserting that the date set for trial, June 7, 2001, would be one day beyond the statutory time limit. In support of her motion, Teehan erroneously included the date of her arrest in her 91-day calculation. Beginning with the day after her arrest, March 9, 2001, the state had until June 7, 2001, to bring Teehan to trial.[1] Accordingly, the June 7, 2001 trial date would have been within the statutory provision for a speedy trial. See R.C. 2945.71(B)(2).
The case proceeded to a jury trial on July 23, 2001. Prior to trial, Teehan filed a second motion to dismiss. The 46 days that elapsed from June 7, 2001 to July 23, 2001, was a period chargeable to Teehan as occasioned by her June 7, 2001 motion. R.C. 2945.72(E).[2]
This Court finds that the time in which Teehan had to be brought to trial was properly extended pursuant to R.C. 2945.72(E), thereby making the days chargeable to the state within the 90-day limit. Teehan's sole assignment of error is overruled.
 III.
Having overruled Teehan's assignment of error, the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
WHITMORE, J., BATCHELDER, J. CONCUR.
[1] On appeal, Teehan challenges the May 1, 2001 sua sponte
continuation. As this continuance set the date for trial within the 90-day statutory provision for a speedy trial, Teehan's argument is without merit.
[2] The record reflects that the trial court failed to rule on the June 7, 2001 motion prior to Teehan making a second motion to dismiss on July 23, 2001. However, this Court is able to assume the first motion was denied. State v. Friedhof (July 10, 1996), Medina App. No. 2505-M, unreported. The denial of Teehan's first motion to dismiss is inherent in the trial court's readiness to try the case on July 23, 2001. Seeid.