[Cite as *State v. Torres*, 2014-Ohio-3683.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NOS. 12 JE 30 |
| | ) | 12 JE 31 |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| HELEN TORRES | ) | |
| LAWRENCE L. YATOR, JR., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeals from the Jefferson
County Court No. 2 of Jefferson County,
Ohio
Case Nos. 12 CRB 32; 12 CRB 29

JUDGMENT:     Vacated.
Reversed and Dismissed.

APPEARANCES:

For Plaintiff-Appellee:     Atty. Jane M. Hanlin
Prosecuting Attorney
Atty. Cerryn Marshall
Assistant Prosecuting Attorney
Jefferson County Justice Center
16001 State Route 7
Steubenville, Ohio  43952

For Defendant-Appellant:     Atty. R. Paul Cushion, II
75 Public Square, Suite 1111
Cleveland, Ohio  44113

JUDGES:
Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated:  August 21, 2014

WAITE, J.

{¶1} In this consolidated appeal, Appellants Helen L. Torres and Lawrence L. Yator, Jr. contest the decisions of Jefferson County Court No. 2 finding each of them guilty of disorderly conduct. Appellants both allege that their 2012 bench trial commenced in violation of their statutory speedy trial rights. Appellants' first assignment of error has merit and their second assignment is made moot by the resolution of the first. The judgment of the trial court is reversed and vacated.

Factual and Procedural History

{¶2} An altercation occurred on September 10, 2011 involving Appellants. Appellants were both charged with causing "inconvenience, annoyance, or alarm to another by making unreasonable noise or an offensively coarse utterance, gesture, or display, or communicating unwarranted and grossly abusive language to any person, in violation of Section 2917.11(A)(2) of the Ohio Revised Code." (Emphasis sic.) (2/7/12 Complaint.) Appellants both appeared in court on March 12, 2012 and entered not guilty pleas.

{¶3} On March 16, 2012, the state filed a motion for continuance in both cases on the grounds that Christine Stewart, the Chief of Bergholz Police Department who swore to the complaints in this matter, was recovering from back and leg surgery and was scheduled for her next doctor's appointment on March 27, 2012. The motion notes that "the attorney for defendant, R. Paul Cushion, II has indicated that he has no objection to a continuance of the trial in this case." (3/16/12 Motion.) The motion does not specify the duration of the continuance requested or provide any basis for the motion other than the witness's appointment with a physician. This is

the only motion seeking to continue the trial that appears on the dockets and case files for each matter. The trial court never journalized a ruling on the motion for either Appellant. Both dockets reflect that there was no action taken in either case after the filing of the March motion for continuance until July 17, 2012, when hearing notices were issued for an August 9, 2012 bench trial.

{¶4} Counsel for Appellants made a verbal motion for dismissal on speedy trial grounds prior to the commencement of trial on August 9, 2012. The state opposed the motion, stating that the prosecution was initiated within the statutory period and that Appellants had waived speedy trial time and agreed to a continuance. The trial court verbally overruled the defense motion and the joint bench trial of Appellants occurred on that date.

{¶5} The trial court found Appellants guilty and fined each of them $100.00. Appellants filed a timely appeal of the entry of sentence.

<u>ASSIGNMENT OF ERROR NO. 1</u>

When the State of Ohio files charges for Disorderly Conduct, a minor misdemeanor, when the alleged act occurred on September 10, 2011, and the Appellants are brought to trial on August 9, 2012, through no fault of their own, and after the State of Ohio sought a continuance the Appellants must be discharged as these charges are barred by the requisite statute of limitations, as the State of Ohio had only six (6) months in which to bring the Appellants to trial, and the prosecution was not commenced within six (6) months.

{¶6}  Appellants contend that the state failed to comply with R.C. 2901.13(A)(1)(c), which mandates that the prosecution of a minor misdemeanor offense be commenced within six months of the offense.  Appellants are correct that R.C. 2901.13 requires that "[e]xcept as provided in division (A)(2) or (3) of this section or as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed: * * * (c) For a minor misdemeanor, six months."  However, Appellants have omitted section (E) of the statute, which explains:

> A prosecution is commenced on the date an indictment is returned or an information filed, or on the date a lawful arrest without a warrant is made, or on the date a warrant, summons, citation, or other process is issued, whichever occurs first.  A prosecution is not commenced by the return of an indictment or the filing of an information unless reasonable diligence is exercised to issue and execute process on the same.  A prosecution is not commenced upon issuance of a warrant, summons, citation, or other process, unless reasonable diligence is exercised to execute the same.

R.C. 2901.13(E).

{¶7}  Although Appellants seem to suggest that there were additional or different prior charges which may have been filed and dismissed, a single charge is reflected in each of the criminal complaints that initiated the prosecutions now on

appeal. To the extent it may exist, any information pertaining to prior or additional charges does not appear in this record and cannot be used in this appeal.

{¶8} Both of the complaints were filed on February 7, 2012 and address conduct that allegedly occurred on September 10, 2011. The criminal complaints charge both Appellants with disorderly conduct in violation of R.C. 2917.11(A)(2), a minor misdemeanor. Certified mail receipts attached to each summons and complaint indicate that they were issued on February 10, 2012, three days after copies of each were filed with the court. The returns of service included on the mail receipts show that service was attained on February 13, 2012. Thus, for purposes of R.C. 2901.13(A) and (E), the prosecutions of Appellants were commenced on February 10, 2012 when the summonses were issued. These were based on incidents that occurred on September 10, 2011, five months before. Hence, pursuant to R.C. 2901.13, the prosecution was "commenced" within the required six month period.

{¶9} Although Appellants' first assignment of error mainly addresses the time limitation for commencement of a criminal prosecution, Appellants conclude their argument by reasserting their speedy trial rights and state that their August 9, 2012 trial was held eleven months too late. According to Appellants, trial should have commenced on or about March 9, 2012 in connection with charges brought for an offense that occurred on September 10, 2011 in order to satisfy the six month statute of limitations on their offenses. Appellants did not waive their speedy trial rights and it is clear from the record that they never sought a continuance of trial.

**{¶10}** Appellants are mistaken that the six month limitation on the commencement of prosecution requires a March 9, 2012 trial date, as the only six month limitation applicable to their minor misdemeanor offenses is contained in R.C. 2901.13, regarding commence of prosecution. As earlier stated, this was satisfied by the service of a criminal summons within the statutory period. Although Appellants cite to the wrong statute as the basis of their speedy trial argument, they are correct in concluding that they should have been brought to trial in March of 2012. Despite their confusion, Appellants preserved this error for review in the trial court by seeking dismissal of the charges prior to trial, explicitly stating that dismissal was sought on speedy trial grounds. This record reflects that Appellants' August 2012 trial was held in violation of their speedy trial rights.

**{¶11}** The right to a speedy trial is a fundamental right of a criminal defendant guaranteed by the United States and Ohio Constitutions. (Sixth Amendment to the U.S. Constitution; Ohio Constitution, Article I, Section 10.) States have the authority to prescribe reasonable periods in which a trial must be held, consistent with constitutional requirements. *Barker v. Wingo*, 407 U.S. 514, 523, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). "In response to this authority, Ohio enacted R.C. 2945.71, which designates specific time requirements for the state to bring an accused to trial." *State v. Hughes*, 86 Ohio St.3d 424, 425, 715 N.E.2d 540 (1999). The statutory speedy trial provisions, R.C. 2945.71 *et seq.*, were enacted to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and are to be strictly enforced. *State v. Pachay*, 64 Ohio St. 2d 218, 416 N.E.2d 589 (1980). The prosecution and the trial

court both have a mandatory duty to try an accused within the time frame provided by the statute. *State v. Singer*, 50 Ohio St.2d 103, 105, 362 N.E.2d 1216 (1977); see also *State v. Cutcher*, 56 Ohio St.2d 383, 384, 384 N.E.2d 275 (1978).

**{¶12}** Because the general assembly recognized that some degree of flexibility is necessary, it allowed for extensions of the time limits for bringing an accused to trial in certain circumstances. *State v. Lee*, 48 Ohio St.2d 208, 209, 357 N.E.2d 1095 (1976). Accordingly, R.C. 2945.72 contains an exhaustive list of events and circumstances that extend the time within which a defendant must be brought to trial. "In addition to meticulously delineating the tolling events, the General Assembly jealously guarded its judgment as to the reasonableness of delay by providing that time in which to bring an accused to trial 'may be extended only by' the events enumerated in R.C. 2945.72(A) through (I)." *State v. Ramey*, 132 Ohio St. 3d 309, 313, 2012-Ohio-2904, 971 N.E.2d 937, 942, ¶24. These extensions are to be strictly construed, and not liberalized in favor of the state. *Id*.

**{¶13}** R.C. 2945.71(A) is the section that actually governs the time frame in which a defendant must be brought to trial for a minor misdemeanor. The statute requires: "[s]ubject to division (D) of this section, a person against whom a charge is pending in a court not of record, or against whom a charge of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after the person's arrest or the service of summons." R.C. 2945.71(A). Section (D) of R.C. 2945.71 governs the time frame applicable to individuals against whom multiple charges are pending, and does not apply to Appellants. This record reflects service

of the summons on February 13, 2012 in both matters. Pursuant to R.C. 2945.71(A), then, trial was required to commence by March 14, 2012.

{¶14} Although R.C. 2945.71 requires that trial commence thirty days after the service of a summons for a minor misdemeanor, the trial timeline may be extended by tolling events, as indicated by R.C. 2945.72, which provides:

The time within which an accused must be brought to trial * * * may be extended only by the following:

(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

(D)  Any period of delay occasioned by the neglect or improper act of the accused;

(E)  Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

(F)  Any period of delay necessitated by a removal or change of venue pursuant to law;

(G)  Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

(H)  The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

(I)  Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.

The statute is clear that "[u]pon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." R.C. 2945.73(B).

{¶15}  When a trial court exercises its discretion to continue the period for trial beyond the statutory limit, the second clause of subsection (H) applies.  Therefore,

the period of continuance must be reasonable. *Ramey*, *supra*, at ¶24. "When defense counsel merely acquiesces in a trial date but does not affirmatively lodge a motion for a continuance, the continuance is entered 'other than upon the accused's own motion' and, under the second clause of R.C. 2945.72(H), must be reasonable." *Id.* at ¶30. The Supreme Court has also "recognized that an appellate court may affirm a conviction challenged on speedy-trial grounds even if the trial court did not expressly enumerate any reasons justifying the delay when the reasonableness of the continuance is otherwise affirmatively demonstrated by the record." *Id.* at ¶33. An appellate court's "determination of reasonableness must be made on the existing record." *Id.* at ¶34 referencing *State v. McRae,* 55 Ohio St.2d 149, 153, 378 N.E.2d 476, 479 (1978) (the existing record must affirmatively demonstrate the reasonableness of the delay); *State v. Mincy*, 2 Ohio St.3d 6, 8, 441 N.E.2d 571 (1982) (condemning after-the-fact justifications of continuances).

{¶16} The record in this matter for both Appellants reflects that they were served on February 13, 2012 with a minor misdemeanor indictment and that trial commenced, following a speedy trial objection, approximately six months later. There was never any ruling made on the single motion for continuance filed in March, 2012 by the state. While the length of time between indictment and trial can vary widely despite the timeframes contained in the statute, a period of more than five times the stated statutory timeframe, in the absence of a single tolling event, is clearly suspect.

{¶17} Although Appellants' pre-trial motion for dismissal on speedy trial grounds was inartful, and trial counsel was mistaken in his reference to the six month

requirement for the commencement of prosecution rather than the thirty day trial deadline, the provisions of R.C. 2945.71 and 2945.73 "relating to the guarantee of an accused's right to a speedy public trial, are mandatory and must be strictly complied with by the state." *Davis*, *supra*, at 448. Appellants did state they were seeking dismissal on speedy trial grounds. The state responded by making reference to multiple (allegedly) agreed continuances in this matter. However, no continuances appear of record. The only motion for continuance that appears in the record was made by the state in the absence of any objection by either Appellant. Under *Ramey*, *supra*, this would, if properly granted, still be subject to review as to its reasonableness, since it was initiated on the state's motion, and not by Appellants. But this motion was never properly ruled on by the trial court. Thus, this record does not reflect any tolling event or discovery request that would explain even a portion of the delay prior to trial.

**{¶18}** Pursuant to R.C. 2945.73(B), when a defendant is not brought to trial within the relevant time constraint, he or she "shall be discharged," and further criminal proceedings based on the same conduct are barred. In the absence of a single tolling event in the record before us, this five month delay is facially unreasonable and rises to the level of plain error even if Appellant had not raised the issue prior to trial. Appellants' first assignment of error is sustained.

<u>ASSIGNMENT OF ERROR NO.2</u>

The trial court erred when it determined that the statements made by

the Appellants to the police were not protected speech, under the First

Amendment, as verbal criticism that fails to satisfy even the basic

standards of courtesy and decorum, when made to police, even though provocative and even when it challenges police action, is protected speech under the First Amendment, and may never form the basis for any criminal conduct.

**{¶19}** Because Appellants' first assignment of error has merit, we need not address any error that may have arisen during trial. Dismissal of this matter renders Appellants' second assignment moot.

<u>Conclusion</u>

**{¶20}** Appellants' first assignment of error has merit. Appellants were brought to trial in violation of the speedy trial requirements of R.C. 2945.71 *et seq*. Appellants' second assignment of error is moot because of the resolution of the first assignment of error. Appellants' convictions are reversed, the judgments of the trial court vacated, and the matters are dismissed with prejudice. Any further prosecution for the same conduct is barred.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.