[Cite as *Willowick Bldg. Dept. v. Getachew*, 2024-Ohio-5259.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| WILLOWICK BUILDING DEPARTMENT, CITY OF WILLOWICK, | CASE NO. 2024-L-003 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Willoughby Municipal Court |
| LEMMA GETACHEW, | Trial Court No. 2023 CRB 02246 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: November 4, 2024
Judgment: Vacated

*Mandy J. Gwirtz*, Willowick City Prosecutor, 20050 Lakeshore Boulevard, Euclid, OH 44123 (For Plaintiff-Appellee).

*Mark S. O'Brien*, 12434 Cedar Road, Suite 11, Cleveland Heights, OH 44106 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Lemma Getachew, appeals his convictions and sentence for violations of the City of Willowick's Property Maintenance Code. For the following reasons, Getachew's convictions are vacated.

{¶2} On September 5, 2023, a Complaint was filed against Getachew as "the owner of the premises located at 30901 Lakeshore Boulevard," charging him with failure "to comply with Section 1367.01 of the City of Willowick's Codified Ordinances, which requires that properties within Willowick, Lake County, Ohio, must be maintained in good

condition in order to protect property values." The Complaint alleged: "A Notice of Property Maintenance Inspection Violation(s) was delivered to the property manager on or about August 29th, 2023 from Willowick's City Housing Inspector, requiring the owner to correct several violations of Willowick's Property Maintenance Code and has failed to correct stated violations, to wit: [COUNT ONE] **PM-304.12 Handrails/guards (ext.)- Replace missing guards on East building balconies. One on the West side of East building and one on the East side of East building. There are no balcony guards on the balconies of units #761E & #564E.** … [COUNT TWO] **PM-308.1 Rubbish Accumulation- Immediately remove all rubbish and garbage throughout East and West buildings, common hallways, and trash chute rooms. Store in proper rubbish and garbage facilities.**"

{¶3} The case was tried before a jury from January 8 to 12, 2024. Getachew was found guilty of both counts of the Complaint. The sentencing hearing was held on January 16, 2024. For each count, the municipal court imposed a 180-day suspended jail sentence and a $1,000 fine. The court additionally placed Getachew on community control for a period of three years.

{¶4} On appeal, Getachew raises the following assignments of error:

[1.] The trial court erred when it denied Appellant's pre-trial motion to dismiss on statutory speedy trial grounds.

[2.] The trial court erred when it refused to include jury instructions that incorporated the concept of reasonable time to correct.

[3.] The trial court erred when it refused to include jury instructions that incorporated the concept of vicarious liability.

[4.] The trial court erred when it did not grant Appellant's pre-trial motion to exclude other acts evidence.

2

[5.] Appellant's conviction was not supported by the manifest weight of the evidence.

[6.] The trial court committed prejudicial error and violated Appellant's right not to be subjected to excessive fines or cruel and unusual punishments, when it sentenced him to fines of $1,000.00, and imposed upon him a jail term of 180 days, relative to each count in the Complaint.

{¶5} In the first assignment of error, Getachew argues the municipal court violated his speedy-trial rights by extending, sua sponte, the statutorily mandated timeframe for holding trial in this matter.

{¶6} The charges against Getachew were unclassified misdemeanors. Accordingly, he had to be brought to trial "[w]ithin ninety days after [his] arrest or the service of summons." R.C. 2945.71(B)(2) (applicable where the offense charged is a "misdemeanor for which the maximum penalty is imprisonment for more than sixty days"); Willowick Cod.Ord. 1367.04 ("[a]ny person who shall violate a provision of this code shall, upon conviction, be imprisoned for a definite term … which term of imprisonment shall not exceed six months").

{¶7} "Although the time limits contained in R.C. 2945.71 must be strictly enforced, R.C. 2945.72 provides a number of events and circumstances that will toll the running of a defendant's speedy-trial time." *State v. Martin*, 2019-Ohio-2010, ¶ 15. In particular, "[t]he time within which an accused must be brought to trial … may be extended … by … the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H). "When a trial court exercises its discretion to continue the period for trial beyond the statutory limit, … the period of continuance must be reasonable." *State v. Ramey*, 2012-Ohio-2904, ¶ 28; *State v. Saffell*, 35 Ohio St.3d 90, 91 (1988) (R.C. 2945.72(H) "permits a continuance beyond the ninety-day limit so long

3

as the continuance is reasonable" and "necessary under the circumstances of the case"). It has been recognized that "it is difficult, if not unwise, to establish a *per se* rule of what constitutes 'reasonableness' beyond the ninety-day stricture of R.C. 2945.71." *Saffell* at 91. "Invariably, resolution of such a question depends on the peculiar facts and circumstances of a particular case." *Id.*

{¶8} "Upon motion made at or prior to the commencement of trial, a person charged with a misdemeanor shall be discharged if the person is not brought to trial within the time required by section 2945.71 and 2945.72 of the Revised Code." R.C. 2945.73(B)(1). "Such a discharge is a bar to any further criminal proceedings against the person based on the same conduct." *Id.*

{¶9} In the present case, the Complaint was filed on September 5, 2023, and service was issued the same day by certified mail. However, no return of service was ever filed with the municipal court. Getachew appeared for arraignment on September 26, and the parties agree that the ninety-day period began to run "at the latest" on September 26. Thus, the ninety-day period for bringing Getachew to trial expired at the latest on December 25. On October 11, Getachew filed a Demand for Jury Trial. On October 16, the municipal court set January 8, 2024, as the trial date. On November 16, Willowick filed a Motion to Advance Trial Date on the grounds that "[t]he statutory speedy trial time runs before that date." On December 5, the court denied Willowick's motion. The court ruled that "[t]he Court has not summoned any jurors between the time of the filing of the City's motion and the currently scheduled jury date in January," thus, "pursuant to R.C. 2945.72, the time to trial is tolled." On January 2, 2024, Getachew filed a Motion to Dismiss pursuant to R.C. 2945.73(B). The court orally denied the motion prior to the

4

commencement of trial on January 8.

{¶10} When, as here, the defendant has demonstrated that he was not brought to trial within the applicable statutory period, he has established a prima facie case for dismissal and the burden shifts to the State "to demonstrate that as a result of tolling or extension of the statutory time limit, the right to a speedy trial has not been violated." (Citation omitted.) *State v. Paolucci*, 2024-Ohio-1349, ¶ 14 (11th Dist.). Willowick argues for an extension of the statutory speedy trial period based on a "reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H). Willowick maintains that the municipal court "extended speedy trial on [its] own motion" and that such extension was reasonable in light of the facts of the present case. "Given that the Court did not have any jurors summoned prior to that date, that it fell on Christmas Day, the surrounding holidays and that the trial is scheduled merely 14 days after the December 25th date, there is nothing unreasonable about the Court's extension of speedy trial." Brief of plaintiff-appellee at 5.

{¶11} Getachew counters, and we agree, that the municipal court "never continued anything," but, rather, "it scheduled the trial of this matter for a date beyond that required by statute, and then, in response to the prosecutor's motion to advance the trial date, erroneously determined that it was authorized by the exceptions statute to keep the trial date as originally scheduled." Brief of appellant at 9. Willowick's argument is undermined by the Supreme Court of Ohio's holding in *State v. Cutcher*, 56 Ohio St.2d 383 (1978): "The mere setting of an original trial date beyond the time limits of R.C. 2945.71 does not constitute a continuance 'other than upon the accused's own motion' pursuant to R.C. 2945.72(H)." *Id.* at syllabus. In so holding, the court rejected the

5

contention (similar to that advanced by Willowick and the municipal court in the present case) "that the setting of an original trial date beyond the 90 day limit constitutes a continuance 'other than upon the accused's own motion,' under R.C. 2945.72(H), and is discretionary with the trial court." *Id.* at 384, following *State v. McRae*, 55 Ohio St.2d 149 (1978). Consistent with the holding in *Cutcher*, Ohio jurisprudence had consistently emphasized that "[t]he prosecution and the trial courts have a mandatory duty to try an accused within the time frame provided by the statute," and "[s]trict compliance with the statute is required." *Ramey*, 2012-Ohio-2904, at ¶ 14. Likewise, "R.C. 2945.72 contains an *exhaustive* list of events and circumstances that extend the time within which a defendant must be brought to trial, … by providing that time in which to bring an accused to trial 'may be extended *only* by' the events enumerated in R.C. 2945.72(A) though (I)." (Emphasis added.) *Id.* at ¶ 24. Getachew's trial date was not continued "other than upon the accused's own motion" and the State has not demonstrated any alternative statutory justification for extending the trial date.[1]

{¶12} Willowick correctly notes that "[s]cheduling and docketing conflicts have been held to be reasonable grounds for extending an accused's trial date beyond the speedy trial limit date by both [appellate courts] and the Supreme Court of Ohio." *State v. Glass*, 2004-Ohio-4402, ¶ 11 (3d Dist.) (cases cited). Such precedents do not benefit Willowick in the present case, however, as the municipal court never asserted that the case could not have been set within the 90-day period on account of scheduling and

---

1. We note that "[i]t is well-accepted that a jury demand in a misdemeanor case tolls the time period in which a defendant must be brought to trial." (Citation omitted.) *South Euclid v. Schutt*, 2020-Ohio-3661, ¶ 23 (8th Dist.). Getachew filed a Demand for Jury Trial on October 11, 2023. However, such a continuance is not material to the outcome of the present case inasmuch as only five days were tolled until October 16 when the municipal court set a trial date.

Case No. 2024-L-003

docketing conflicts. In its December 5, 2023 Judgment Entry, the municipal court only stated that it had not summoned any jurors "between the time of the filing of the City's motion [to advance the trial date] and the currently scheduled jury date in January." The court did not provide any explanation for the initial failure to set a trial date within the 90-day period.

{¶13} Lastly, we find the case of *State v. Pudlock*, 44 Ohio St.2d 104 (1975), to be instructive although distinguishable in certain nonmaterial respects. *Pudlock* stands for the proposition that "practices which undercut the implementation of the 'speedy trial' provisions within R.C. 2945.71 and 2945.73 must not be employed to extend the requisite time periods." *Id.* at 106. In *Pudlock*, the municipal court "failed to set a date within the 90-day period established by R.C. 2945.71(B)(2) …, allowed the 90 days to expire, and thereafter, sua sponte, rules that the presence of a crowed docket warranted a continuance." *Id.* The supreme court ruled that "to allow a trial court to extend the required time period under the above circumstances would render meaningly the provisions of R.C. 2945.71, and thwart the intent of the General Assembly to provide specified time limits within which an accused must be brought to trial." *Id.*

{¶14} The present circumstances are even more egregious than those in *Pudlock*. Here, the municipal court set a trial date outside of the 90-day period without explanation or justification. Then, on December 5, 2023, only 20 days before that period expired, the court issued an entry stating that it was too late to correct its failure to set a proper trial date because no jury had been summoned. We emphasize that, in this entry, the court did not justify its failure to schedule trial before the expiration of the 90-day period, only that, as of December 5, it was unable to remedy the failure. Certainly, the court could

7

have done several things to comply with R.C. 2945.72(H) but did none of those things. The important point is not whether the court acted before the statutory deadline expired, but whether in so acting the court complied with the statutory provisions. Here, the court neither complied with the letter nor the intent of the statute despite the supreme court's injunction that its provisions are mandatory and require strict compliance. To justify the court's failure to bring Getachew to trial within the speedy trial period in the present circumstances renders the provisions of R.C. 2945.71 just as meaningless as it would have in *Pudlock*. "If we were to allow the state's reasoning, the only burden upon the prosecution and the courts would be to assure that a trial is scheduled within the appropriate time limit as long as it could subsequently be explained why the defendant was not brought to trial within the statutory time frame." *State v. Mincy*, 2 Ohio St.3d 6, 8 (1982). Whether that explanation occurs twenty days before trial or after trial is not material, particularly where the explanation does not actually explain why trial was not scheduled within that statutory time frame in the first place.

{¶15} The first assignment of error is with merit.

{¶16} Given our disposition of the first assignment of error, Getachew's remaining assignments of error are rendered moot. App.R. 12(A)(1)(c).

{¶17} For the foregoing reasons, Getachew's convictions for violations of Willowick's Property Maintenance Code are vacated. Costs to be taxed against the appellee.

JOHN J. EKLUND, J., concurs,

MARY JANE TRAPP, J., dissents with a Dissenting Opinion.

8

Case No. 2024-L-003

_____

MARY JANE TRAPP, J., dissents with a Dissenting Opinion.

{¶18} I respectfully dissent from the majority's disposition of appellant's (Lemme Getachew "Mr. Getachew"), first assignment of error and its determination that the trial court violated his speedy trial rights. In my view, the majority misapplies the governing law to the unique procedural facts of this case.

{¶19} Mr. Getachew was charged with two misdemeanors that carried a maximum penalty of six months of imprisonment. *See* Willowick Cod.Ord. 1367.04, PM-106.4. "[A] person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial . . . [w]ithin ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days." R.C. 2945.71(B)(2).

{¶20} The Supreme Court of Ohio has recognized that "the time limit provisions in R.C. 2945.71 are flexible to a degree." *State v. Mincy*, 2 Ohio St.3d 6, 7 (1982). R.C. 2945.72 contains a list of exceptions that toll the time within which the accused must be tried. *State v. Kist*, 2007-Ohio-4773, ¶ 26 (11th Dist.). At issue here is R.C. 2945.72(H), which provides, "[t]he time within which an accused must be brought to trial . . . may be extended . . . by . . . [t]he period of any continuance granted on the accused's own motion, and *the period of any reasonable continuance granted other than upon the accused's own motion . . . .*" (Emphasis added.)

9

Case No. 2024-L-003

{¶21} The Supreme Court has held that a trial court may sua sponte continue a trial beyond the statutory speedy-trial limit pursuant to R.C. 2945.72(H), "but only when reasonable and only *when the continuance[] [is] made by journal entry prior to the expiration of the time limit*." (Emphasis added.) *State v. King*, 70 Ohio St.3d 158, 162 (1994); *see Mincy* at syllabus. For instance, in *Mincy*, the trial court scheduled the defendant's trial for three days before the statutory deadline. *Id.* at 6-7. On the trial date, the court sua sponte continued the trial but did not record an entry on its journal explaining the reason for the continuance until after the statutory deadline. *Id.* The Supreme Court of Ohio rejected this type of "after-the-fact extension." *Id.* at 8.

{¶22} Here, the trial court originally scheduled trial for January 8, 2024, which was after the statutory deadline. Appellee, the City of Willowick ("Willowick"), brought the issue to the trial court's attention by filing a motion to advance the trial date. In its December 5, 2023 judgment entry, the trial court reaffirmed the original trial date after invoking R.C. 2945.72(H) and stating that a jury was unavailable before the statutory deadline. Thus, the issue is whether the December 2023 entry constituted a sua sponte continuance pursuant to R.C. 2945.72(H). I conclude that it did.

{¶23} Mr. Getachew does not dispute that the trial court's December 2023 entry was filed before the statutory deadline or challenge the trial court's stated reason. Rather, he argues that the entry was not a "continuance" under R.C. 2945.72(H), which he defines as the "'adjournment or postponement of an action pending in a court, to a subsequent day of the same or another term.'" *State v. Wentz*, 49 Ohio App.2d 96, 98 (5th Dist. 1975), quoting *Black's Law Dictionary* (4th Ed.). According to Mr. Getachew, the December 2023 entry does not qualify because it did not "postpone" the original trial date.

10

Case No. 2024-L-003

{¶24} Even accepting Mr. Getachew's proposed definition of "continuance," the trial court's December 2023 entry qualified. Contrary to his assertion, the "action pending" was not the trial. Rather, the "action pending" was the criminal prosecution against him. In its December 2023 entry, the trial court "postponed" the criminal prosecution "to a subsequent day" by reaffirming the future trial date.

{¶25} This reading of the statute also comports with reason and logic. In effect, the trial court accomplished in one entry what it could have lawfully performed in two. For instance, the trial court could have filed an entry granting Willowick's motion to advance and scheduled trial for a date before the statutory deadline. Then, it could have filed a second entry sua sponte rescheduling trial for a date after the statutory deadline based on the unavailability of a jury. Instead, the trial court filed a single entry reaching the exact same result. The key factor is that the trial court acted before the statutory deadline. By doing so, the trial court complied with the statute and the Supreme Court's precedent.

{¶26} Mr. Getachew also contends that the trial court lacked authority to "toll" the statutory deadline after originally scheduling trial for a date after the deadline. The case it cites, however, does not support that assertion. In *State v. Pudlock*, 44 Ohio St.2d 104 (1975), the defendant was arrested and demanded a jury trial. *Id*. at 104. The case was not set for trial, and the statutory deadline passed. *Id*. The defendant filed a motion to dismiss on statutory speedy trial grounds. *Id*. The trial court overruled the motion, stating "the physical impossibility of bringing this case to trial constitutes a 'reasonable continuance granted other than upon the accused's own motion.'" *Id*. at 106. The defendant was later tried and convicted. *Id*. at 104. On appeal, the Supreme Court of Ohio discharged the defendant, stating, "to allow a trial court to extend the required time

11

Case No. 2024-L-003

period under the above circumstances would render meaningless the provisions of R.C. 2945.71, and thwart the intent of the General Assembly to provide specified time limits within which an accused must be brought to trial." *Id.* at 106.

{¶27} *Pudlock* is factually distinguishable. The facts of that case illustrate the type of "after-the-fact extension" that the Supreme Court of Ohio has prohibited. *See Mincy*, 2 Ohio St.3d at 8, citing *Pudlock*. Here, as stated, the trial court acted *before* the statutory deadline.

{¶28} Although not cited by Mr. Getachew, I acknowledge the Supreme Court of Ohio's holding in *State v. Cutcher*, 56 Ohio St.2d 383 (1978), that "[t]he mere setting of an original trial date beyond the time limits of R.C. 2945.71 does not constitute a continuance 'other than upon the accused's own motion' pursuant to R.C. 2945.72(H)." *Id.* at syllabus. In that case, the trial court noted at the defendant's arraignment that the scheduled trial date might exceed the statutory deadline and advised the state to "look into that." *Id.* at 383. On the trial date, which was the day after the statutory deadline, the defendant moved for discharge, which the trial court denied. *Id.* The defendant was subsequently convicted. *Id.* The appellate court discharged the defendant, and the Supreme Court affirmed, rejecting the state's argument that the setting of an original trial date beyond the statutory deadline constituted a sua sponte continuance under R.C. 2945.72(H). *Id.* at 383, 384.

{¶29} *Cutcher* is also factually distinguishable. As stated, this case involves the legal sufficiency of the trial court's December 2023 entry, not its original scheduling order. To the extent the original scheduling order was deficient, the December 2023 entry was sufficient to cure any such deficiency.

12

Case No. 2024-L-003

{¶30} For these reasons, I would find that the trial court did not err by denying Mr. Getachew's motion to dismiss on statutory speedy trial grounds and overrule his first assignment of error.

{¶31} I further dissent from the majority's determination that Mr. Getachew's remaining assignments of error are moot. Since I would overrule his first assignment of error, I would reach their merits.

Case No. 2024-L-003