DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Michael Miller, appeals from the judgment of the Medina County Court of Common Pleas which denied his motion to dismiss the charge against him. This Court affirms.
 I {¶ 2} Miller was arrested on November 3, 2005. On November 15, 2005, he was indicted on one count of receiving stolen property in violation of R.C. 2913.51(A), a felony of the fifth degree. Miller remained in jail until November 28, 2005, when he was released on a personal recognizance bond. On the day after his release, November 29, 2005, Miller requested discovery from the State. *Page 2 
The State responded to Miller's discovery request on December 16, 2005 and made its own demand for discovery on the same day.
 {¶ 3} On December 24, 2005, Miller contacted law enforcement officials and requested that his bond be revoked because he could no longer comply with its terms, including the requirement that Miller reside with his father. Specifically, Miller called court personnel and informed them that he could no longer live with his father. When the trial court hesitated to place Miller in jail at Miller's own request, Miller stated that "he would go out and commit other crimes so that he could be arrested[.]" The trial court judge then met with Miller "who begged [the judge] to put him in jail." Based on those facts, that same night, Miller's bond was revoked and he was returned to jail. Miller remained in jail until March 27, 2006 when his counsel moved to dismiss the charge against him, arguing that his speedy trial rights had been violated. A hearing was held on that motion the following day. During the hearing, Miller's counsel admitted that he had never responded to the State's request for discovery. At that time, Miller's counsel informed the State that Miller had no materials that were responsive to the discovery request. Based on Miller's failure to answer the discovery demand, the trial court tolled the period of time between that request and the motion to dismiss. As a result of that tolled period, the trial court denied Miller's motion to dismiss.
 {¶ 4} On March 29, 2006, Miller pled no contest to the sole count in the indictment. The trial court accepted Miller's plea and found him guilty of *Page 3 
receiving stolen property. On May 15, 2006, the trial court sentenced Miller to 180 days incarceration with credit for 169 days served and placed him on community control for two years. Miller timely appealed his conviction and sentence, raising two assignments of error for review.
 II Assignment of Error Number One "THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO DISCHARGE PURSUANT TO R.C. 2945.73
WHERE: (1) MORE THAN TWO HUNDRED SEVENTY DAYS HAD ELAPSED FOR PURPOSES OF CALCULATING SPEEDY TRIAL TIME UNDER OHIO'S SPEEDY TRIAL ACT, R.C. 2945.71
ET SEQ.; AND (2) APPELLANT'S FAILURE TO RESPOND TO THE STATE'S DEMAND FOR DISCOVERY DID NOT TOLL TIME PURSUANT TO R.C. 2945.72(D), BECAUSE THE STATE NEVER FILED A MOTION TO COMPEL DISCOVERY AND APPELLANT HAD NO DISCOVERABLE MATERIAL TO PROVIDE THE STATE IN ANY EVENT."
 {¶ 5} In his first assignment of error, Miller asserts that the trial court erred when it denied his motion to dismiss based on an alleged speedy trial violation. This Court disagrees.
 {¶ 6} Both the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. State v. Pachay (1980), 64 Ohio St.2d 218, 219-20. Further, the courts must strictly enforce such rights. Id. at 221. This "strict enforcement has been grounded in the conclusion that the speedy trial statutes implement the constitutional guarantee of a public speedy trial." Id., citing State v. Pudlock (1975), 44 Ohio St.2d 104, 105. *Page 4 
"When reviewing an appellant's claim that he was denied his right to a speedy trial, this Court applies the de novo standard of review to questions of law and the clearly erroneous standard of review to questions of fact." State v. Downing, 9th Dist. No. 22012,2004-Ohio-5952, at ¶ 36.
 {¶ 7} Under R.C. 2945.71(C)(2), a person charged with a felony "[s]hall be brought to trial within two hundred seventy days after the person's arrest." Moreover, each day an accused spends in jail pending trial must be counted as three days for the purposes of speedy trial calculations. R.C. 2945.71(E). This time period, however, may be extended for a number of reasons enumerated under R.C. 2945.72. Specifically, R.C. 2945.72(E) provides that the statutorily prescribed time for a speedy trial may be lengthened by "[a]ny period of delay necessitated by reason of a * * * motion, proceeding, or action made or instituted by the accused[.]" The Ohio Supreme Court has held that "a demand for discovery [by the defendant] * * * is a tolling event pursuant to R.C. 2945.72(E)." State v. Brown, 98 Ohio St.3d 121, 2002-Ohio-7040, at ¶ 26.
 {¶ 8} Additionally, R.C. 2945.72(D) provides that the statutorily prescribed time for a speedy trial may be lengthened by "[a]ny period of delay occasioned by the neglect or improper act of the accused." In that regard, the Ohio Supreme Court recently held that the "failure of a criminal defendant to respond within a reasonable time to a prosecution request for reciprocal discovery constitutes neglect that tolls the running of speedy-trial time pursuant to R.C. *Page 5 
2945.72(D)." State v. Palmer, 112 Ohio St.3d 457, 2007-Ohio-374, paragraph one of the syllabus. Furthermore, "the tolling of statutory speedy-trial time based on a defendant's neglect in failing to respond within a reasonable time to a prosecution request for discovery is not dependent upon the filing of a motion to compel discovery by the prosecution." Id. at ¶ 24.
 {¶ 9} Miller was arrested on November 3, 2005 and remained in jail until November 28, 2005. As speedy trial time is calculated to run the day after the date of arrest, Miller spent twenty-five days in jail.State v. Friedhof (July 10, 1996), 9th Dist. No. 2505-M, at *3, citingState v. Steiner (1991), 71 Ohio App.3d 249, 250-51. See, also, Crim.R. 45(A). Under the triple count provision of R.C. 2945.71(E), 75 days are charged against the State. On November 29, 2005, Miller was released from jail and filed a motion for discovery. Miller does not contest that the State timely responded to his discovery request on December 16, 2005. Consequently, time was tolled from November 29 through December 16, 2005. See Brown at ¶ 26. On December 16, 2005, the State filed its demand for discovery. On December 24, 2005, Miller was returned to jail at his own request and remained there until he filed his motion to dismiss. Miller never responded to this motion for discovery and moved to dismiss the charges on March 27, 2006.
 {¶ 10} In Palmer, the Court held that "a trial court shall determine the date by which the defendant should reasonably have responded to a reciprocal discovery request based on the totality of facts and circumstances of the case, *Page 6 
including the time established for response by local rule, if applicable." Palmer at ¶ 24. In Palmer, the Court found no abuse of discretion in the trial court's use of thirty days for a reasonable response time. Using that same time frame, Miller should have reasonably responded to the State's discovery request within thirty days. Miller's credit for that time frame is calculated as follows: Miller receives credit for December 16 through December 24 at one day per day for a total of 8 days and he receives credit for a total of 66 days for the remaining 22 days he spent in jail under the triple count provision. The remaining period of his time in jail was tolled by his neglect in failing to respond to the State's demand for discovery.
 {¶ 11} Based upon our calculations, Miller's speedy trial rights were not violated. Miller received credit as detailed above for 75 days, 8 days, and 66 days, for a total of 149 days. The State, therefore, was not in violation of the 270 day limit set forth in Ohio's Speedy Trial Act. Consequently, the trial court did not err when it denied Miller's motion to dismiss.
 {¶ 12} Miller's first assignment of error lacks merit.
 Assignment of Error Number Two "APPELLANT'S TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, WHERE HE FAILED TO PROMPTLY RESPOND IN WRITING TO THE STATE OF OHIO'S DEMAND FOR DISCOVERY THUS RESULTING IN BOTH THE TRIAL COURT'S DETERMINATION THAT SPEEDY TRIAL TIME WAS TOLLED PURSUANT TO R.C. 2945.72 AND ITS DENIAL OF *Page 7 
APPELLANT'S MOTION FOR DISCHARGE PURSUANT TO R.C. 2945.73."
 {¶ 13} In his second assignment of error, Miller contends that his trial counsel was ineffective for failing to promptly respond to discovery. We disagree.
 {¶ 14} The Sixth Amendment of the United States Constitution guarantees a criminal defendant the effective assistance of counsel. SeeMcMann v. Richardson (1970), 397 U.S. 759, 771. To prove an ineffective assistance claim, Appellant must show that: (1) counsel's performance was deficient to the extent that "counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment[, ]" and (2) "the deficient performance prejudiced the defense." Strickland v.Washington (1984), 466 U.S. 668, 687. To demonstrate prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."Strickland, 466 U.S. at 691. Furthermore, the Court need not address both Strickland prongs if Appellant fails to prove either one. State v.Ray, 9th Dist. No. 22459, 2005-Ohio-4941, at ¶ 10. Accordingly, we begin with the prejudice prong.
 {¶ 15} In an analogous matter, this Court found that a defendant could not demonstrate prejudice. In State v. Hilliard, 9th Dist. No. 22808,2006-Ohio-3918, Hilliard asserted that his counsel was ineffective for filing motions that tolled the *Page 8 
speedy trial time. Hilliard alleged that but for these errors, his speedy trial rights would have been violated and the charges against him would have been dismissed. Miller raises the same argument herein. In rejecting that argument, this Court held as follows:
 "In order for Hilliard to demonstrate prejudice, this Court would be required to presume that both the trial court and the State would have, at some point in the future, violated Hilliard's right to a speedy trial. This Court would be forced to presume that neither the State nor the trial court would have taken action upon realizing that Hilliard's speedy trial rights were going to be violated. We decline to adopt such a position. Accordingly, this Court declines to indulge in Hilliard's presumption that the trial court and the State would have sat idly by and permitted the murder charges against Hilliard to be dismissed due to a violation of his speedy trial rights." Hilliard at ¶ 13.
Like we did in Hilliard, we decline to presume that Miller's speedy trial rights would have been violated but for his counsel's failure to respond to discovery. Consequently, Miller can demonstrate no prejudice from the alleged errors of his trial counsel. Miller's second assignment of error, therefore, lacks merit.
 III {¶ 16} Miller's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 9 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 SLABY, P. J. DICKINSON, J. CONCUR *Page 1