[Cite as *State v. Saultz*, 2011-Ohio-2018.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO,

:

    Plaintiff-Appellee,                  Case No.  09CA3133

:

    vs.

:

CARL SAULTZ                      DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.        :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:    James E. Barrington, James E. Barrington Co., L.P.A., 41 East Fourth Street, Chillicothe, Ohio 45601[1]

COUNSEL FOR APPELLEE:    Matthew Schmidt[2], Ross County Prosecuting Attorney, and Jeffrey Marks, Ross County Assistant Prosecuting Attorney, 72 North Paint Street, Chillicothe, Ohio 45601

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 4-26-11

ABELE, J.

{¶ 1}   This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence.   Carl Saultz, defendant below and appellant herein, pled no contest to five counts of non-support of dependents in violation of R.C. 2919.21.

{¶ 2}   Appellant assigns the following errors for review:

        FIRST ASSIGNMENT OF ERROR:

---

[1] Different counsel represented appellant during the trial court proceedings.

[2] Michael M. Ater, former Ross County Prosecuting Attorney, now serves as a Ross County Common Pleas judge.

"THE TRIAL COURT ERRED TO THE MANIFEST PREJUDICE OF APPELLANT BY NOT DISMISSING THE CHARGES AS BEING BEYOND THE PROSECUTABLE (sic) TIME LIMITS ALLOWED BY LAW."

SECOND ASSIGNMENT OF ERROR:

"APPELLANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL, TO HIS MANIFEST PREJUDICE, WHEN HIS TRIAL COUNSEL FAILED TO EITHER IMMEDIATELY RESPOND TO THE STATE'S REQUEST FOR RECIPROCAL DISCOVERY OR TIMELY ADVISE THE STATE THAT NO RESPONSE WAS NECESSARY AND WOULD NOT BE FORTHCOMING (DELAY TIME WOULD NOT HAVE BEEN CHARGED AGAINST DEFENDANT IF HIS COUNSEL HAD TAKEN EITHER STEP)."

{¶ 3}  On July 27, 2007 the Ross County Grand Jury returned an indictment that charged appellant with five counts of non-support of dependents.   Apparently, appellant was arrested, spent the night in jail in Franklin County and was released.   The Franklin County authorities instructed appellant to report to the Ross County Clerk of Courts in five days.   Appellant, however, failed to report to the Clerk as instructed.[3]

{¶ 4}  On November 13, 2007, the trial court arraigned appellant.   At that time the prosecution requested reciprocal discovery from defense counsel.   The record also suggests that appellant could not satisfy the bond requirement and that he was incarcerated at that time.

{¶ 5}  Subsequently, appellant filed a motion to dismiss the charges based upon a violation of his statutory speedy trial rights.   The trial court denied appellant's motion on the

---

[3]We observe that the procedural posture of this case is somewhat convoluted.   The case is made more difficult by the paucity of evidence to explain the relevant time periods when appellant was incarcerated.

grounds that he did not respond within a reasonable time to the prosecution's reciprocal recovery request and that his failure to respond tolled the speedy trial time until he did, in fact, respond to the request.   On March 18, 2008 appellant filed his response.   Although not clear from the record, it appears that appellant was released from jail on his own recognizance on that day.

**{¶ 6}**   On August 15, 2008, a new indictment was filed that restated the five non-support charges.[4]   In response, appellant filed another motion to dismiss.   The trial court, once again, overruled that motion.

**{¶ 7}**   On December 18, 2008, appellant entered no contest pleas to all five counts.   The trial court accepted appellant's pleas, found him guilty as charged and sentenced him to serve six months on each count, with the sentences to be served concurrently.   This appeal followed.

I

**{¶ 8}**   In his first assignment of error, appellant asserts that the trial court erred by overruling his motion to dismiss for a speedy trial violation.

**{¶ 9}**   R.C. 2945.71(C)(2) states that a person against whom a felony charge is pending shall be brought to trial within two hundred seventy days after arrest.   If an accused remains incarcerated in lieu of bail solely on the pending charge, the statute further mandates that each day count as three days for purposes of speedy trial computation. Id. at (E).   If an accused is not brought to trial within the statutory time limit, the accused must be discharged. R.C. 2945.73(B).   However, R.C. 2945.71 time limits may be extended for reasons set out in R.C. 2945.72.

**{¶ 10}** In the case sub judice, the parties agree that appellant was arrested in Franklin

---

[4] The 2007 case was later dismissed.

County on August 2, 2007.   The prosecution claims that appellant was released the next day and instructed to report within five days to the Ross County Clerk of Courts.   Appellant does not challenge that contention.   Thus, we accept the prosecution's calculation that by the end of the fifth day, a total of eight days had elapsed for speedy trial purposes.   Appellant also does not challenge the prosecution's argument that due to his failure to appear within those five days, speedy trial time tolled until appellant's November 13, 2007 arraignment.   The parties also stipulated that the reciprocal discovery request was made at arraignment and that appellant failed to respond.   It also appears that appellant could not satisfy the bond requirement and spent the next few months in jail.   During this time, the triple count mechanism applied.

{¶ 11} Generally, the failure to respond within a reasonable time to a reciprocal discovery request tolls the running of speedy-trial time.   See R.C. 2945.72.   State v. Palmer, 112 Ohio St.3d 457, 860 N.E.2d 1011, 2007-Ohio- 374, at paragraph one of the syllabus.   Citing Palmer, the trial court in the case sub judice determined that defense counsel should have responded to the prosecution's request within thirty days, and thus, held that appellant's speedy trial deadline tolled as of December 14, 2007 and the time continued to toll until appellant filed a response.

{¶ 12} Appellant, however, argues that Palmer should not control.   We disagree with appellant, albeit with some reservation.   Although it may be true, as appellant contends in his brief, that Palmer "has not been greeted by the bench or bar as a bastion of fairness," the fact remains that this Court and the trial court are both bound by Ohio Supreme Court decisions. See State v. Hardesty, Pickaway App. No. 07CA2, 2007-Ohio-3889, at ¶14; State v. Richardson, Pickaway App. No. 05CA29, 2006-Ohio-386, at ¶16.   We cannot simply disregard Palmer.

{¶ 13} We are also not persuaded that Palmer is inapplicable because appellant did not

believe that the case would go to trial or because he had no discovery materials to disclose. The Ohio Supreme Court did not carve out any such an exception, and we may not do so here.

{¶ 14} Appellant cites State v. Hawk, Knox App. No. 08CA05, 2009-Ohio-1955, as an example of how courts have distinguished Palmer. However, our view of that case is that the Fifth District Court of Appeals remanded the matter to the trial court to determine what is a "reasonable" amount of time to respond to a reciprocal discovery request. Id at ¶¶31-35. We do not construe Hawk in its current form as an attempt to distinguish Palmer.[5]

{¶ 15} Thus, for these reasons, we agree with the trial court's conclusion that Palmer applies to the instant case and that thirty days is an appropriate time to respond to the reciprocal discovery request. Therefore, appellant's statutory speedy trial time did not expire.

{¶ 16} Our review of the record reveals that appellant's trial counsel responded to the reciprocal discovery request on March 18, 2008. This event re-started the speedy trial time clock. The parties also apparently agree that appellant was not in jail when the time started again. Thus, between the time of appellant's discovery response and his second motion to dismiss (filed on September 5, 2008), one hundred fifty nine days elapsed. However, the filing of a second motion to dismiss again tolled speedy trial time. See R.C. 2945.72(E). At this point, two hundred fifty seven speedy trial days had elapsed.

---

[5] Likewise, we question appellant's citation to State v. Halbisen, Sandusky App. No. S-08-1, 2008-Ohio-3699. We note that there is no longer any reported opinion in that case as, according to Westlaw, the Ohio Supreme Court ordered the "[r]ecords sealed and ordered expunged [as of] December 12, 2009." Even if we consider the proposition for which appellant cites it – that Palmer would not apply if reciprocal discovery was not a journalized part of the record - the parties stipulated that discovery was requested at the November 13, 2007 arraignment. Appellant cannot now un-stipulate that fact.

{¶ 17} In sum, we agree with the trial court's conclusion that the statutory speedy trial time had not expired when the trial court overruled the appellant's two motions to dismiss. Thus, we find no merit in the first assignment of error and it is hereby overruled.

II

{¶ 18} Appellant asserts in his second assignment of error that he received constitutionally ineffective assistance from his trial counsel. In particular, he contends that trial counsel was negligent by not responding to the reciprocal discovery request.

{¶ 19} Our analysis begins with the settled premise that a criminal defendant has a constitutional right to counsel, and this right includes the right to the effective assistance from counsel. McMann v. Richardson (1970), 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763; State v. Lytle (Mar. 10, 1997), Ross App. No. 96CA2182. To establish ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient, and (2) such deficient performance prejudiced the defense and deprived him of a fair trial. See e.g. Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; also see State v. Perez, 124 Ohio St.3d 122, 920 N.E.2d 104, 2009-Ohio-6179, at ¶200. However, both prongs of the "Strickland test" need not be analyzed if a claim can be resolved under one prong. State v. Madrigal (2000), 87 Ohio St.3d 378, 389, 721 N.E.2d 52. To establish the existence of prejudice, a defendant must show that a reasonable probability exists, but for counsel's alleged error, the result of the trial would have been different. State v. White (1998), 82 Ohio St.3d 16, 23, 693 N.E.2d 772; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, at paragraph three of the syllabus.

{¶ 20} In State v. Miller, Medina App. No. 07CA0037-M, 2008-Ohio-1002, at ¶¶14-15,

our Ninth District colleagues considered and rejected the same argument that appellant makes here.   The Miller court opined that to conclude that counsel was ineffective for not filing a response to a reciprocal discovery request, and thereby toll the time limit under Palmer, required an underlying presumption that neither the State nor the trial court would have realized the defendant's speedy trial rights were about to be violated and taken action. Id.   "[W]e decline to presume," the court ruled, "that [the defendant's] speedy trial rights would have been violated but for his counsel's failure to respond to discovery." Id. at ¶15 (Emphasis added.)[6]

{¶ 21}  We find this reasoning persuasive.   For purposes of an ineffective assistance claim, prejudice must not be presumed, but rather must be affirmatively shown.   See e.g. State v. Hughes, Athens App. No. 08CA19, 2010-Ohio-2969, at ¶27; State v. Clark, Pike App. No. 02CA684, 2003-Ohio- 1707, at ¶ 22; State v. Tucker (Apr. 2, 2002), Ross App. No. 01 CA2592. To hold as appellant invites us to do requires some degree of speculation.

{¶ 22}  Additionally, other practical considerations trouble us in this scenario.   First, to reverse appellant's conviction on ineffective assistance of counsel grounds appears to give an unfair advantage to the defense over the prosecution.   Some defense counsel, through inaction or otherwise, may never respond to a reciprocal discovery request and, by merely sitting on his hands, obtain a dismissal or a reversal of the conviction.   Furthermore, we are not inclined to place even greater burdens on an already overburdened trial court.   As appellant noted in his brief, the reciprocal discovery request was not journalized.   Thus, how could the trial court

---

    [6]  The Ninth District considered the same issue again in State v. Howes, Summit App. No. 24665, 2010-Ohio-421, but did not reach its "presumption" argument because the trial occurred within the speedy trial deadline due to other tolling events. Id. at ¶¶16-17.

monitor the discovery process to ensure that trial counsel fulfilled his responsibilities?

{¶ 23} For all these reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, P.J. & Kline, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge


## **NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.