[Cite as *State v. Neer*, 2020-Ohio-279.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio, :

      Plaintiff-Appellee, :

v. :

Logan Neer, :

      Defendant-Appellant. :

:

Nos. 19AP-55
(M.C. No. 17CRB26708)

and 19AP-57
(M.C. No. 18CRB112)

(REGULAR CALENDAR)

D E C I S I O N

Rendered on January 30, 2020

**On brief:** *Zachary M. Klein,* City Attorney, and *Orly Ahroni,* for appellee.

**On brief:** *Timothy Young,* Ohio Public Defender, and *Peter Galyardt,* for appellant.

APPEAL from the Franklin County Municipal Court

NELSON, J.

{¶ 1} Appellant Logan Neer effectively concedes on appeal that his speedy trial rights were *not* violated; indeed, that is the basis of his argument. He speculates that if his lawyer had behaved differently, they would have been. And had his speedy trial rights been violated, he could not legally have been convicted, as he was after a jury trial, of misdemeanor domestic violence (merged with assault) and sentenced to 180 days in jail with credit for two days time served and the 178 remaining days suspended. After all due consideration, we reject his argument and affirm his conviction.

{¶ 2} By Mr. Neer's calculations, he awaited trial for 103 days for which he was not chargeable, counting his one day in jail as three for these purposes. Appellant's Brief at 6.

On its face and without further information, that total exceeds the 90-day limit established with regard to first or second degree misdemeanor charges by R.C. 2945.71(B)(2). "But," as Mr. Neer says, "the time can be tolled." Appellant's Brief at 5. And here it was, the trial court found, for all but 42 of those days, because while Mr. Neer had made a discovery demand on the state, to which it promptly responded, he had failed to provide reciprocal discovery. September 24, 2018 Decision and Entry at 1. " '[F]ailure of a criminal defendant to respond within a reasonable time to a prosecution request for reciprocal discovery constitutes neglect that tolls the running of statutory speedy-trial time,' " the trial court noted. *Id.* at 2, citing *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, paragraph one of the syllabus, citing R.C. 2945.72(D) (time tolled by "[a]ny period of delay occasioned by the neglect or improper act of the accused"). The trial court thus denied Mr. Neer's motion to dismiss the case on speedy trial grounds. *Id.*

{¶ 3} Mr. Neer does not challenge the correctness of that ruling, but rather reasons that if his lawyer "would have satisfied its reciprocal discovery obligation" in a timely fashion (which was easy enough to do, he says, with nothing to provide), "Mr. Neer's speedy trial challenge would have been successful." Appellant's Brief at 6. On that basis, he advances his one assignment of error: that he received "constitutionally ineffective counsel" under the terms of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution. Appellant's Brief at i; *see also id.* at 7 ("Because defense counsel failed to timely respond to the State's discovery request, and that failure negated an otherwise valid speedy-trial challenge, counsel was constitutionally deficient").

{¶ 4} That argument is not as novel as one might think. It has been tried before. And consistently rejected.

{¶ 5} In *State v. Miller*, 9th Dist. No. 07CA0037-M, 2008-Ohio-1002, for example, the Ninth District Court of Appeals considered and rebuffed a defendant's ineffective assistance of counsel argument grounded in his assumption that his "speedy trial rights would have been violated but for his counsel's failure to respond to discovery." *Id.* at ¶ 15. The court explained that to prevail on an ineffective assistance claim, an appellant must show not only that his or her lawyer's performance was deficient to such a degree that " 'counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth

Amendment,' " but also must establish prejudice by showing that " 'there exists a reasonable probability that, were it not for counsel's errors, the result' " of the proceeding would have been different. *Id.* at ¶ 14, quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984) and *State v. Bradley*, 42 Ohio St.3d 136, (1985), paragraph three of the syllabus (in which the Supreme Court of Ohio observed that Ohio's constitutional standard for evaluating ineffective assistance claims "is essentially the same" as the standard specified by *Strickland* for claims arising under the federal constitution, and which quoted *Strickland* in noting that " '[a] reasonable probability is a probability sufficient to undermine confidence in the outcome,' " *see* 42 Ohio St.3d at 142, quoting 466 U.S. at 694). If an appellant fails to establish one prong of the analysis, *Miller* observed, the court "need not address" the other. 2008-Ohio-1002 at ¶ 14; *see also, e.g., State v. Madrigal*, 87 Ohio St.3d 378 (2000).

{¶ 6} Relying on earlier precedent, *Miller* explained why the "defendant could not establish prejudice." *Id.* at ¶ 15. For the argument to work, " 'this Court would be required to presume that both the trial court and the State would have, [as matters proceeded], violated [defendant's] right to a speedy trial. This Court would be forced to presume that neither the State nor the trial court would have taken action upon realizing that [defendant's] speedy trial rights were going to be violated. We decline to adopt such a position. Accordingly, this Court declines to indulge in [the] presumption that the trial court and the State would have sat idly by and permitted the * * * charges * * * to [lapse] due to a violation of his speedy trial rights.' " *Id.*, quoting *State v. Hilliard*, 9th Dist. No. 22808, 2006-Ohio-3918, ¶ 13.

{¶ 7} The Fourth District Court of Appeals also considered precisely the same argument, conducted the same analysis, and reached the same result in *State v. Saultz*, 4th Dist. No. 09CA3133, 2011-Ohio-2018. The appellant there, like Mr. Neer here, contended "that trial counsel was negligent by not responding to the reciprocal discovery request" and thereby deprived him of a chance to have his case dismissed on speedy trial grounds. *Id.* at ¶ 18. Finding *Miller* "persuasive," the court rejected that argument because "prejudice must not be presumed, but rather must be affirmatively shown. To hold as appellant invites us to do requires some degree of speculation." *Id.* at ¶ 21 (citations omitted) (also noting at ¶ 22 that a different holding could invite inappropriate gamesmanship).

{¶ 8} The same argument, under largely the same circumstances, was employed once again in *State v. Rocha*, 8th Dist. No. 99826, 2014-Ohio-495. The Eighth District Court of Appeals made short work in dispatching of it. The appellant's "argument assumes the trial court would not have rescheduled the trial within the speedy trial period to prevent the expiration of speedy trial time if the time had not been tolled by defense counsel's delay. This argument is based on pure speculation. We therefore cannot say there was a strong [we would say reasonable] probability that but for counsel's delay, the outcome would have been different." *Id.* at ¶ 11.

{¶ 9} We reiterate that to satisfy the prejudice prong under the required analysis, "[a]llegations of ineffective assistance of counsel must be based on something more than speculation and wishful thinking." *State v. Crockett*, 10th Dist. No. 99AP-777, 2000 Ohio App. Lexis 1244, * 5. Mr. Neer points to absolutely nothing in the record to show that had his counsel filed a reciprocal discovery statement by the February 7, 2018 date the trial judge concluded would have been reasonable, *see* September 24, 2018 Decision and Entry at 2, his speedy trial rights would have been violated. He does not even attempt to argue, for but one example, that the April 3 rescheduling of the trial at the state's request (until May 7, 2018, perhaps "so that the prosecutor assigned to the case would be present at trial, rather than a colleague from her office," *see* Defendant's July 30, 2018 Motion to Dismiss at 8) would have been sought, or sought for such an extended period, or granted had time then been much at issue. Rather, he essentially concedes in his reply brief the speculative nature of his claim, while arguing that the state's view is "no less speculative. Because speedy-trial violations do occur in practice, that alone evidences the unpredictable nature of results in this context." Reply Brief at 1. But the state didn't have the burden of establishing an ineffective assistance of counsel claim: Mr. Neer did. *See Bradley*, 42 Ohio St.3d at 142, quoting *Strickland*, 466 U.S. at 694 ("To warrant reversal, '[t]he defendant must show' " prejudice).

{¶ 10} Speedy trial guarantees protect very important rights and interests and are to be strictly observed. They do not conjure a game offering every defendant some chance to draw a get out of jail free card. In this appeal, Mr. Neer does not assert that his speedy trial rights were in fact violated; he simply wishes they had been. Following uniform precedents,

we overrule his sole assignment of error and we affirm the Franklin County Municipal Court's judgment of conviction.

*Judgment affirmed.*

KLATT and BEATTY BLUNT, JJ., concur.

_____