[Cite as *State v. Martin*, 2021-Ohio-3163.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

TERRELL MARTIN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 MA 0044**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2017 CR 248

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

**JUDGMENT:**
Affirmed.

*Atty. Paul J. Gains*, Mahoning County Prosecutor*, and *Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Felice Harris,* Harris Law Firm, LLC, 923 East Broad Street, Columbus, Ohio 43205, for Defendant-Appellant.

Dated:  September 10, 2021

**D'Apolito, J.**

**{¶1}**    Appellant, Terrell Martin, appeals from the judgment of the Mahoning County Court of Common Pleas sentencing him to 18 years to life in prison for murder, aggravated burglary, and tampering with evidence following a no contest plea.  On appeal, Appellant asserts he was denied his constitutional rights to a speedy trial and to the effective assistance of trial counsel.  Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**{¶2}**    On March 9, 2017, an arrest warrant was issued and Appellant was indicted by the Mahoning County Grand Jury on five counts: count one, aggravated murder, in violation of R.C. 2903.01(A); count two, aggravated burglary, a felony of the first degree, in violation of R.C. 2911.11(A)(1) and (B); count three, kidnapping, a felony of the first degree, in violation of R.C. 2905.01(B)(1) and (2); count four, having weapons while under disability, a felony of the third degree, in violation of R.C. 2923.13(A)(2) and (B); and count five, tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1) and (B)[1].    The first three counts contained accompanying firearm specifications in violation of R.C. 2941.145(A).  Appellant was appointed counsel, entered a not guilty plea at his arraignment, and was found competent to stand trial.

**{¶3}**    Numerous motions were filed and pretrial hearings were held which tolled Appellant's speedy trial clock.  A jury trial was ultimately set for March 26, 2018.  Five days before trial, Appellant filed a motion to continue.  The trial court granted the motion and scheduled the matter for a May 4, 2018 pretrial.  On April 20, 2018, Appellant filed a motion to continue.  The court granted the motion, scheduled the matter for a May 22, 2018 pretrial, and indicated that Appellant's speedy trial time would be tolled during the period of the continuance.  (4/26/2018 Judgment Entry).  On May 16, 2018, Appellant filed another motion to continue the pretrial.  The court granted the motion.

---

[1] Appellant was already incarcerated in Case Nos. 2016 CR 710 A, 2016 CR 1210 S, and 2017 CR 398, when he was indicted in this case.

Case No. 20 MA 0044

{¶4}     A July 20, 2018 pretrial hearing was held.  All parties were present and the court indicated the matter would be set "at first available trial date and by agreement of parties."  (Emphasis sic) (7/23/2018 Judgment Entry).   The court further set another pretrial for October 2, 2018, a final Crim.R. 11 pretrial for November 28, 2018, and a jury trial for December 10, 2018.  (*Id.*)  The court stated "the parties agree that this is the first available [jury trial] date."  (*Id.*)  The court later granted a motion by Appellee, the State of Ohio, to continue the October 2, 2018 hearing.

{¶5}     Pretrial hearings were also held on October 19, 2018 and November 28, 2018.  All parties were present.  Appellant filed a motion to dismiss and/or a motion for discovery sanctions.  The trial court granted the State leave until December 14, 2018 to respond and/or comply.   (11/28/2018 Judgment Entry).   The court indicated that "[p]ursuant to R.C. 2945.72(H), speedy trial time is tolled pending ruling on motion, and the trial scheduled for December 10, 2018 is hereby continued.  If court does not grant the defense motion the case is rescheduled for trial."  (*Id.*)  The court further set a final Crim.R. 11 pretrial for February 6, 2019 and a jury trial for February 11, 2019 "by agreement of parties."  (*Id.*)

{¶6}     On February 4, 2019, Appellant filed a motion for discovery sanctions or to continue the jury trial.  The trial court overruled Appellant's motion for sanctions at that time but granted his motion to continue. (2/7/2019 Judgment Entry).  The court set a final Crim.R. 11 pretrial for May 8, 2019 and a jury trial for May 13, 2019 "by agreement of parties."  (*Id.*)

{¶7}     On April 25, 2019, Appellant filed a pro se motion for new counsel.  The State did not object.  The trial court granted Appellant's motion and appointed new counsel.  (5/8/2019 Entry of Appearance; Judgment Entry).  Based on that motion, the court continued the jury trial and set the matter for a June 6, 2019 pretrial hearing.  (5/8/2019 Judgment Entry).  The court stated that "[s]peedy [t]rial is tolled pursuant to ORC 2945.72(C)."  (*Id.*)

{¶8}     All parties were present at the June 6, 2019 pretrial.  Appellant's newly appointed counsel requested additional time to review discovery.  The trial court granted counsel's request "thus tolling speedy trial."  (6/12/2019 Judgment Entry).  The court set a pretrial for August 20, 2019.  (*Id.*)  All parties were present at that hearing.  The court

set another pretrial for October 4, 2019, a final Crim.R. 11 hearing for December 3, 2019, and a jury trial for December 9, 2019. (8/21/2019 Judgment Entry). Regarding the jury trial, the court stated "the parties have agreed that this is the first available date." (*Id.*)

{¶9} All parties were present at the October 4, 2019 and December 3, 2019 pretrials. At the December 3, 2019 hearing, Appellant's counsel indicated an intention to file a motion to dismiss on speedy trial grounds (which was subsequently filed on December 10, 2019). The State orally replied that it would need some time to respond, which the trial court granted and tolled the time. (12/17/2019 Judgment Entry). The court set a final Crim.R. 11 hearing for January 29, 2020. (*Id.*) The parties "agree[d] to continue the aforementioned [jury] trial date to a date certain of February 3, 2020, so that the motion may be properly addressed beforehand." (*Id.*)

{¶10} On January 10, 2020, the State filed a response to Appellant's motion to dismiss. The State alleged Appellant's statutory right to a speedy trial was not violated because the speedy trial clock did not reach beyond 270 days. Appellant filed a reply.

{¶11} On January 23, 2020, the trial court granted defense counsel's motion to allow another attorney to participate as co-counsel. "Both counsel met and conferred with [Appellant], who agree[d] that multiple representation would be in his best interest." (1/23/2020 Judgment Entry).

{¶12} All parties were present at the January 29, 2020 pretrial. Appellant's counsel made an oral motion to continue the jury trial. The trial court overruled Appellant's motion to dismiss on speedy trial grounds, tolled the time, set a final Crim.R. 11 hearing for March 4, 2020, and a jury trial for March 9, 2020 which "date was agreed upon by [the] parties." (1/31/2020 Judgment Entry).

{¶13} On March 4, 2020, Appellant filed a waiver of counsel. That same date, the trial court granted Appellant's motion to proceed pro se with stand-by counsel.

{¶14} On March 13, 2020, Appellant withdrew his former not guilty plea and pleaded no contest to the following: amended count one, murder, in violation of R.C. 2903.02(A), with an accompanying firearm specification in violation of R.C. 2941.145(A); count two, aggravated burglary, a felony of the first degree, in violation of R.C. 2911.11(A)(1) and (B), with an accompanying firearm specification in violation of R.C.

2941.145(A); and count five, tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1) and (B).

{¶15} The trial court accepted Appellant's no contest plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11. The court dismissed counts three and four.

{¶16} On March 13, 2020, the trial court sentenced Appellant to 15 years to life on count one and three years on the accompanying firearm specification (both firearm specifications merged); 11 years on count two; and 36 months on count five. The court ordered counts one, two, and five to run concurrently to each other but consecutively to the firearm specification for a total of 18 years to life in prison. The court further notified Appellant that he is subject to five years of mandatory post-release control.

{¶17} Appellant filed a timely appeal and raises two assignments of error.

## ASSIGNMENT OF ERROR NO. 1

**TERRELL MARTIN WAS DENIED HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS AND A SPEEDY TRIAL.**

{¶18} "An appellate court's review of a speedy trial claim is a mixed question of law and fact; a reviewing court gives due deference to the trial court's factual findings that are supported by competent, credible evidence and independently reviews whether the correct law was applied to the facts of the case." *State v. Baker*, 7th Dist. Mahoning No. 19 MA 0080, 2020-Ohio-7023, ¶ 98.

> The right to a speedy trial is a fundamental right of a criminal defendant guaranteed by the United States and Ohio Constitutions. (Sixth Amendment to the U.S. Constitution; Ohio Constitution, Article I, Section 10.) States have the authority to prescribe reasonable periods in which a trial must be held, consistent with constitutional requirements. *Barker v. Wingo,* 407 U.S. 514, 523, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). "In response to this authority, Ohio enacted R.C. 2945.71, which designates specific time requirements for the state to bring an accused to trial." *State v. Hughes,* 86 Ohio St.3d 424, 425, 715 N.E.2d 540 (1999). The

statutory speedy trial provisions, R.C. 2945.71 *et seq.,* were enacted to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and are to be strictly enforced. *State v. Pachay,* 64 Ohio St.2d 218, 416 N.E.2d 589 (1980). The prosecution and the trial court both have a mandatory duty to try an accused within the time frame provided by the statute. *State v. Singer,* 50 Ohio St.2d 103, 105, 362 N.E.2d 1216 (1977); see also *State v. Cutcher,* 56 Ohio St.2d 383, 384, 384 N.E.2d 275 (1978).

Because the general assembly recognized that some degree of flexibility is necessary, it allowed for extensions of the time limits for bringing an accused to trial in certain circumstances. *State v. Lee,* 48 Ohio St.2d 208, 209, 357 N.E.2d 1095 (1976). Accordingly, R.C. 2945.72 contains an exhaustive list of events and circumstances that extend the time within which a defendant must be brought to trial. "In addition to meticulously delineating the tolling events, the General Assembly jealously guarded its judgment as to the reasonableness of delay by providing that time in which to bring an accused to trial 'may be extended only by' the events enumerated in R.C. 2945.72(A) through (I)." *State v. Ramey,* 132 Ohio St.3d 309, 313, 2012–Ohio–2904, 971 N.E.2d 937, 942, ¶ 24. These extensions are to be strictly construed, and not liberalized in favor of the state. *Id.*

*State v. Torres*, 7th Dist. Jefferson Nos. 12 JE 30 and 12 JE 31, 2014-Ohio-3683, ¶ 11-12.

{¶19} R.C. 2945.71, "Time within which hearing or trial must be held," states in part:

(C) A person against whom a charge of felony is pending:

* * *

(2) Shall be brought to trial within two hundred seventy days after the person's arrest.

* * *

(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. * * *

R.C. 2945.71(C)(2) and (E)

{¶20} Appellant was charged with felony offenses. As such, Appellant was required to be brought to trial within 270 days of his March 9, 2017 arrest. R.C. 2945.71(C)(2). Although R.C. 2945.71 requires that trial commence within 270 days after a defendant's arrest, the trial timeline may be extended by tolling events, as indicated by R.C. 2945.72, "Extension of time for hearing or trial," which provides:

The time within which an accused must be brought to trial * * * may be extended only by the following:

(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

Case No. 20 MA 0044

(D) Any period of delay occasioned by the neglect or improper act of the accused;

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

(F) Any period of delay necessitated by a removal or change of venue pursuant to law;

(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.

R.C. 2945.72(A)-(I)

{¶21} The statute is clear that "[u]pon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." R.C. 2945.73(B). The time may be tolled by certain events, including continuances and motions. R.C. 2945.72(C), (E), and (H). Compliance with these speedy trial statutes is mandatory and the provisions are strictly construed against the State. *State v. Kozic*, 7th Dist. Mahoning No. 11 MA 160, 2014-Ohio-3788, ¶ 85.

{¶22} As stated, Appellant was already incarcerated in Case Nos. 2016 CR 710 A, 2016 CR 1210 S, and 2017 CR 398, when he was indicted in this case. Thus, the R.C. 2945.71(E) triple-count provision did not apply until all three cases were resolved. *See State v. Christian*, 7th Dist. Mahoning No. 12 MA 164, 2014-Ohio-2590, ¶ 9 (The triple-

count provision only applies when a defendant is being held in jail solely on the pending charge).

**{¶23}** Appellant did not argue the constitutionality of R.C. 2945.71(E) before the trial court. Thus, that issue is not properly before us as it is waived. *State v. Mieczkowsk*, 7th Dist. Jefferson No. 17 JE 0016, 2018-Ohio-2775, ¶ 20, quoting *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986) ("'(T)he question of the constitutionality of a statute must generally be raised at the first opportunity and, in criminal prosecution, this means in the trial court'").

**{¶24}** Appellant also did not argue below that the trial court's bond did not toll his speedy trial clock. The bond revocation issue that Appellant raises here occurred on May 1, 2017 in another case, Case No. 2016 CR 710 A. Appellant was not denied a bond without a hearing in this case, Case No. 2017 CR 248, because he had an opportunity to address his bond in open court at his arraignment and at a later pretrial. (4/25/2017 Judgment Entry; 2/21/2018 Judgment Entry).

**{¶25}** Furthermore, the record does not support Appellant's contention regarding alleged discovery violations. The trial court denied Appellant's motions for sanctions and never found a violation had in fact occurred or that the State delayed in providing him discovery. (2/7/2019 Judgment Entry). Also, the State's witness list did not violate the discovery rules. *See* Crim.R. 16(I) (All that is required by these rules are the "names and addresses of any witness [each party] intends to call in its case-in-chief, or reasonably anticipates calling in rebuttal or surrebuttal").

**{¶26}** Upon review, a total of 116 days had run on Appellant's speedy trial clock. As stated, Appellant was arrested on March 9, 2017.[2] Thus, the next day, March 10, 2017, begins the first day of his speedy trial clock. *See State v. Hart*, 7th Dist. Columbiana No. 06 CO 62, 2007-Ohio-3404, ¶ 11 ("The day of arrest does not count against the speedy trial time").

**{¶27}** The most relevant tolling periods are as follows[3]:

---

[2] In his motion to dismiss on speedy trial grounds, Appellant states he was arrested on March 10, 2017. In his appellate brief, however, Appellant states he was arrested on March 1, 2017. Thus, at most, eight more days would be added to his speedy trial clock.

[3] The State lists several other additional tolling events revealing that Appellant's speedy trial clock did not expire before the 270th day. (2/22/2021 Appellee's Supplemental Brief, p. 13).

<u>Case No. 20 MA 0044</u>

**{¶28}** (1) March 10, 2017, when Appellant filed his first of several discovery motions, including a request for discovery and a bill of particulars. Appellant's clock tolled until April 3, 2017, when the State provided discovery. Thus, as of April 3, 2017, zero days (March 10, 2017 – March 10, 2017) had run on Appellant's speedy trial clock.

**{¶29}** (2) April 24, 2017, when counsel filed a suggestion of incompetency. This tolled Appellant's clock until September 18, 2017, when the trial court found Appellant competent. Thus, as of September 18, 2017, 21 days (April 4, 2017 – April 24, 2017) had run on Appellant's speedy trial clock.

**{¶30}** (3) November 30, 2017, when Appellant filed several motions, including a motion to establish bail, a motion to enlarge time to file pretrial motions, and a motion for discovery sanctions. The trial court established Appellant's bond in this case and in Case No. 2017 CR 398 on February 21, 2018. Thus, as of February 21, 2018, an additional 73 days (September 19, 2017 – November 30, 2017) had run on Appellant's speedy trial clock for a total of 94 days.

**{¶31}** (4) March 15, 2018, when Appellant filed several additional discovery motions, including a renewed motion for discovery sanctions and a supplemental motion for appropriation of funds for expert assistance. Thus, as of March 15, 2018, an additional 22 days (February 22, 2018 – March 15, 2018) had run on Appellant's speedy trial clock for a total of 116 days.

**{¶32}** (5) March 21, 2018, when Appellant filed a motion to continue the March 26, 2018 trial. Thus, Appellant's speedy trial tolled based on his continuance from (March 21, 2018 to December 10, 2018) and the total days that had run remained at 116 days.[4]

**{¶33}** (6) November 28, 2018, when the trial court continued the December 10, 2018 trial to allow time to address Appellant's motions to dismiss and for discovery sanctions. The trial court specified that the time is tolled pending ruling on the motions and rescheduled the trial for February 11, 2019 "by agreement of parties." (11/28/2018

---

[4] The March 26, 2018 trial was rescheduled as a pretrial for May 4, 2018 but Appellant successfully moved to continue that pretrial on two occasions. The May 4, 2018 pretrial was reset for May 22, 2018 and was ultimately heard on July 23, 2018. At the July 23, 2018 pretrial, the trial was set for the first available date and by "agreement of the parties," thereby constituting a joint motion to continue. The trial was scheduled for December 10, 2018. On October 29, 2018, Appellant had been sentenced in his other pending cases. Thus, Appellant was now being held solely on the instant case which made the triple-count provision applicable going forward.

Judgment Entry). Thus, Appellant's speedy trial clock remained tolled from (November 28, 2018 – February 11, 2019) based on his motions and the court's continuance. The total days that had run remained at 116 days.

**{¶34}** (7) February 4, 2019, when Appellant filed a motion to continue the February 11, 2019 trial and a motion for discovery sanctions. The trial court denied Appellant's motion for discovery sanctions but granted his motion to continue the trial until May 13, 2019 which was "the first available date by agreement of parties." (2/7/2019 Judgment Entry). Thus, Appellant's speedy trial clock remained tolled from (February 4, 2019 – May 13, 2019). The total days that had run remained at 116 days.

**{¶35}** (8) May 8, 2019, when the trial court continued the trial because Appellant's counsel withdrew and another was appointed. The trial was rescheduled for December 9, 2019. (8/21/2019 Judgment Entry, "the parties have agreed that this is the first available date"). Thus, Appellant's speedy trial clock remained tolled from (May 8, 2019 – December 9, 2019). The total days that had run remained at 116 days.

**{¶36}** (9) December 3, 2019, when the trial was continued by the parties again until February 3, 2020. Thus, Appellant's speedy trial clock remained tolled from (December 3, 2019 – February 3, 2020). The total days that had run remained at 116 days.

**{¶37}** (10) December 10, 2019, when Appellant filed a motion to dismiss for a speedy trial violation. On January 29, 2020, the trial court denied Appellant's motion to dismiss but granted his oral motion to continue the trial to March 9, 2020. Thus, Appellant's speedy trial clock remained tolled from (February 3, 2020 – March 9, 2020). The total days that had run remained at 116 days.

**{¶38}** On March 4, 2020, Appellant waived his right to counsel. Two days later, Appellant pleaded no contest and was sentenced by the trial court. Thus, the total days that had run remained at 116 days.

**{¶39}** Because there were multiple tolling events, as addressed, Appellant's speedy trial clock did not reach the 270th day. Thus, Appellant's right to a speedy trial was not violated.

**{¶40}** Appellant's first assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. 2

**TERRELL MARTIN WAS DENIED HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.**

**{¶41}** Appellant alleges his trial counsel was ineffective because he failed to properly litigate the motion to dismiss on speedy trial grounds, failed to respond to the State's discovery requests, and failed to ensure all pretrials were recorded.

**{¶42}** "[T]he Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial." *Strickland v. Washington*, 466 U.S. 668, 684, 104 S.Ct. 2052 (1984).

In order to demonstrate ineffective assistance of counsel, Appellant must show that trial counsel's performance fell below an objective standard of reasonable representation, and prejudice arose from the deficient performance. *State v. Bradley*, 42 Ohio St.3d 136, 141-143, 538 N.E.2d 373 (1989), citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Both prongs must be established: If counsel's performance was not deficient, then there is no need to review for prejudice. Likewise, without prejudice, counsel's performance need not be considered. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000).

In Ohio, a licensed attorney is presumed to be competent. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E.2d 905 (1999). In evaluating trial counsel's performance, appellate review is highly deferential as there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Bradley* at 142-143, citing *Strickland* at 689. Appellate courts are not permitted to second-guess the strategic decisions of trial counsel. *State v. Carter*, 72 Ohio St.3d 545, 558, 651 N.E.2d 965 (1995).

Even instances of debatable strategy very rarely constitute ineffective assistance of counsel. *See State v. Thompson*, 33

Ohio St.3d 1, 10, 514 N.E.2d 407 (1987). The United States Supreme Court has recognized that there are "countless ways to provide effective assistance in any given case." *Bradley* at 142, citing *Strickland* at 689.

To show prejudice, a defendant must prove his lawyer's deficient performance was so serious that there is a reasonable probability the result of the proceeding would have been different. *Carter* at 558. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Bradley*, 42 Ohio St.3d 136 at fn. 1, 538 N.E.2d 373, quoting *Strickland* at 693. Prejudice from defective representation justifies reversal only where the results were unreliable or the proceeding was fundamentally unfair as a result of the performance of trial counsel. *Carter*, 72 Ohio St.3d at 558, 651 N.E.2d 965, citing *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

\* \* \*

[A]n ineffective assistance of counsel claim cannot be predicated upon supposition. *State v. Watkins*, 7th Dist. Jefferson No. 07 JE 54, 2008-Ohio-6634, ¶ 15. Likewise, proof of ineffective assistance of counsel requires more than vague speculations of prejudice. *Id.* ¶ 55, citing *State v. Otte*, 74 Ohio St.3d 555, 565, 1996-Ohio-108, 660 N.E.2d 711.

*State v. Rivers*, 7th Dist. Mahoning No. 17 MA 0078, 2019-Ohio-2375, ¶ 20-23, 27.

When a claim for ineffective assistance of counsel is made based on failure to file an objection or a motion, the appellant must demonstrate that the objection or motion had a reasonable probability of success. If the objection or motion would not have been successful, then the appellant cannot prevail on the ineffective assistance of counsel claim. *State v. Adkins,* 161 Ohio App.3d 114, 2005-Ohio-2577, ¶ 14 (4th Dist.).

*State v. Saffell*, 7th Dist. Jefferson No. 19 JE 0021, 2020-Ohio-7022, ¶ 51.

**{¶43}** In this case, as addressed in his first assignment of error, Appellant fails to establish that the motion to dismiss based on speedy trial grounds should have been granted. Appellant's arguments do not amount to ineffective assistance of counsel.

**{¶44}** In *State v. Miller*, 9th Dist. Medina No. 07CA0037-M, 2008-Ohio-1002, our Sister Court considered and rejected the same issue that Appellant makes here.

> The *Miller* court opined that to conclude that counsel was ineffective for not filing a response to a reciprocal discovery request, and thereby toll the time limit under [*State v.*] *Palmer,* [112 Ohio St.3d 457, 2007-Ohio-374] required an underlying presumption that neither the State nor the trial court would have realized the defendant's speedy trial rights were about to be violated and taken action. *Id.* "(W)e *decline to presume,*" the court ruled, "that (the defendant's) speedy trial rights would have been violated but for his counsel's failure to respond to discovery." *Id.* at ¶ 15 (Emphasis sic.)

*State v. Saultz,* 4th Dist. Ross No. 09CA3133, 2011-Ohio-2018, ¶ 20, quoting *Miller* at ¶ 14-15.

**{¶45}** We find this reasoning persuasive. For purposes of an ineffective assistance of counsel claim, prejudice must not be presumed, but rather must be affirmatively shown. *See Saultz, supra,* at ¶ 21. To hold otherwise requires some degree of speculation. *Id; see also State v. Neer*, 10th Dist. Franklin Nos. 19AP-55 and 19AP-57, 2020-Ohio-279, ¶ 3-10. In addition, trial counsel was not ineffective for failing to ensure all pretrial proceedings were recorded and/or for failing to object to having all pretrial proceedings recorded. *See State v. Murphy*, 91 Ohio St.3d 516, 539, 747 N.E.2d 765 (2001) (Trial counsel's failure to object to not having all proceedings recorded does not amount to ineffective assistance of counsel); *see also State v. Caldwell*, 10th Dist. Franklin No. 09AP-685, 2010-Ohio-1324, ¶ 36 (Appellate court declined to presume prejudice merely from the failure to have proceedings recorded and transcribed).

**{¶46}** Upon consideration, the record establishes that trial counsel's representation was constitutionally effective and did not affect Appellant's speedy trial rights. Counsel's performance was neither deficient nor prejudicial. Appellant fails to demonstrate ineffective assistance of counsel. *See Strickland, supra.*

Case No. 20 MA 0044

**{¶47}** Appellant's second assignment of error is without merit.

## CONCLUSION

**{¶48}** For the foregoing reasons, Appellant's assignments of error are not well-taken. The judgment of the Mahoning County Court of Common Pleas sentencing Appellant to 18 years to life in prison for murder, aggravated burglary, and tampering with evidence following a no contest plea is affirmed.

Donofrio, P.J., concurs.

Robb, J., concurs.

Case No. 20 MA 0044

[Cite as *State v. Martin*, 2021-Ohio-3163.]

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**